917 P.2d 806

Jose MENCHACA, Petitioner–Appellant,

v.

STATE of Idaho, Respondent.

No. 21918.

Court of Appeals of Idaho.

May 31, 1996.

Van G. Bishop, Canyon County Public Defender, Nampa, for appellant.

Alan G. Lance, Attorney General, Myrna A.I. Stahman, Deputy Attorney General, Boise, for respondent.

LANSING, Judge.

This is an appeal from an order denying Jose Menchaca's application for post-conviction relief. We affirm.

## I.

### BACKGROUND

In separate criminal actions, Menchaca pleaded guilty to possession of a controlled substance with intent to deliver, I.C. § 37–2732(a), and driving without privileges (DWP), I.C. § 18–8001. For both offenses, Menchaca was sentenced to a term of confinement in the custody of the State Board of Correction. After initially retaining jurisdiction pursuant to I.C. § 19–2601(4), so that Menchaca could participate in the "rider" program at the North Idaho Correctional Institution, the district court relinquished jurisdiction and ordered that the sentences be executed.

In December 1993, Menchaca filed a pro se application for post-conviction relief. Counsel was appointed to represent Menchaca in the post-conviction action, and the attorney filed an amended application which alleged as grounds for relief: (1) that Men-

chaca's attorney in the DWP action was ineffective because she did not adequately conduct discovery procedures and failed to suppress evidence; (2) that counsel in the delivery of a controlled substance case was ineffective because she failed to challenge the validity of a search warrant; and (3) that counsel provided ineffective assistance in both cases because she did not file a motion for reconsideration of the sentences pursuant to I.C.R. 35.

The district court issued an order scheduling an evidentiary hearing on Menchaca's post-conviction claims for February 3, 1995. On November 25, 1994, the State filed a motion for summary dismissal of Menchaca's application. A brief in support of the motion stated as grounds that the allegations in the application were conclusory and unsubstantiated by any facts which would show that his defense attorney had performed inadequately or that Menchaca had been prejudiced by his counsel's performance. The State's brief pointed out that bare conclusory allegations are insufficient to entitle the applicant to an evidentiary hearing. Menchaca filed no response to this motion. On January 20, 1995, the district court served on the parties an order giving notice of the district court's intent to dismiss Menchaca's application on essentially the grounds urged by the State in its motion. Following this notice, Menchaca filed an affidavit in support of his application. Menchaca also filed a motion for transport from the Idaho State Correctional Institution to the courthouse for trial. The motion for transport was denied.

On the scheduled evidentiary hearing date, February 3, 1995, the district court addressed the pending motion to dismiss filed by the State and the court's own notice of intent to dismiss. The court concluded that the allegations in Menchaca's application and his affidavit did not present facts which, if true, would entitle Menchaca to relief. After inquiring whether Menchaca had any other evidence to present and receiving a negative response, the court summarily dismissed the application for post-conviction relief.

On appeal, Menchaca argues that the court erred in summarily dismissing this action because factual issues were in dispute and that the trial court erred in denying the motion to transport Menchaca to the court, thereby preventing Menchaca from testifying at the evidentiary hearing.

## II.

### ANALYSIS

The legal standards governing our review of the summary disposition of an application for post-conviction relief were set out in *Dunlap v. State,* 126 Idaho 901, 904–05, 894 P.2d 134, 137–38 (Ct.App.1995) as follows:

An action for post-conviction relief is civil in nature. *State v. Bearshield,* 104 Idaho 676, 678, 662 P.2d 548, 550 (1983). The burden is cast upon the applicant to prove his or her allegations by a preponderance of the evidence. I.C.R. 57(c); *Russell v. State,* 118 Idaho 65, 67, 794 P.2d 654, 656 (Ct.App.1990). Summary dismissal of an application pursuant to I.C. § 19–4906(b) is the equivalent of summary judgment under I.R.C.P. 56. *Ramirez v. State,* 113 Idaho 87, 89, 741 P.2d 374, 376 (Ct.App. 1987). To avoid summary dismissal, the applicant must present facts showing he is entitled to relief, and this presentation must be made in the form of competent, admissible evidence. *Paradis v. State,* 110 Idaho 534, 536, 716 P.2d 1306, 1308 (1986); *Roman v. State,* 125 Idaho 644, 873 P.2d 898 (Ct.App.1994). On appeal from the summary dismissal of a post-conviction application, we examine the entire record and construe all factual allegations in favor of the applicant to determine if a genuine issue of material fact exists which, if resolved in the applicant's favor, would entitle him to the requested relief. *Noel v. State,* 113 Idaho 92, 94, 741 P.2d 728, 730 (Ct.App.1987). Although the applicant's uncontroverted factual allegations are assumed to be true, we do not give evidentiary value to mere conclusory allegations that are unsupported by admissible evidence. *Phillips v. State,* 108 Idaho 405, 407, 700 P.2d 27, 29 (1985); *Roman,* 125 Idaho at 647, 873 P.2d at 901.

An action for post-conviction relief is an appropriate vehicle for a claim that a guilty plea and conviction should be set aside

because the defendant did not receive effective assistance of counsel. *State v. Blackburn,* 99 Idaho 222, 579 P.2d 1205 (1978); *State v. Koch,* 116 Idaho 571, 573, 777 P.2d 1244, 1246 (Ct.App.1989). An applicant seeking relief for ineffective assistance must meet a two-pronged test. First, the applicant must show that the attorney's representation did not meet objective standards of competence, i.e., that counsel's conduct did not fall "within the wide range of reasonable professional assistance." *Strickland v. Washington,* 466 U.S. 668, 689, 104 S.Ct. 2052, 2065, 80 L.Ed.2d 674 (1984); *Aragon v. State,* 114 Idaho 758, 760, 760 P.2d 1174, 1176 (1988). Second, the applicant must demonstrate prejudice from the attorney's deficient performance. *Strickland,* 466 U.S. at 691–96, 104 S.Ct. at 2066–69; *Aragon,* 114 Idaho at 760–61, 760 P.2d at 1176–77. In order to satisfy this "prejudice prong," a defendant convicted upon a guilty plea "must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill v. Lockhart,* 474 U.S. 52, 59, 106 S.Ct. 366, 370, 88 L.Ed.2d 203 (1985).

■ Applying the foregoing standards, we find no error in the district court's summary dismissal of Menchaca's claims, for Menchaca's application and affidavit present only bare conclusory allegations without evidence of facts which, if true, would entitle him to relief. Menchaca's claim that his defense attorney did not conduct adequate discovery in the DWP case does not identify what discovery should have been done, what information it would have revealed, or how the information would have been favorable to Menchaca. Likewise, Menchaca's assertion that his attorney could have persuaded the trial court to suppress evidence in the DWP case is entirely unsupported with any information as to what the suppressible evidence was, the circumstances under which it was obtained by the police, and the facts that would have made it suppressible. Menchaca also alleges that a search warrant used to gain evidence on the controlled substance charge could have been challenged, but presents no facts to support this assertion. He did not place in evidence the warrant itself, the affidavit supporting the application for the search warrant, the transcript of testimony from the preliminary hearing, or any other evidence from which it could be discerned either that the warrant was invalid or that it did not cover the area in which the police found evidence that was later used against Menchaca.

■ Finally, Menchaca's assertion that his lawyer was deficient in failing to file a Rule 35 motion is unsupported by any evidence demonstrating prejudice to Menchaca. Menchaca has not shown that there was any evidence that his counsel could have presented in support of a Rule 35 motion that would have created a reasonable likelihood that the district judge would have reduced Menchaca's sentences. Menchaca's affidavit states a belief that the district court might have reduced his sentence because Menchaca was "able to satisfactorily complete the 180–day program" during the period of retained jurisdiction. This however, is speculation and has not been supported with any evidence concerning Menchaca's conduct in the rider program. The fact that the court relinquished jurisdiction upon Menchaca's completion of the retained jurisdiction period suggests that the district court did not view Menchaca's performance to have been "satisfactory." Thus, Menchaca has not shown that he was prejudiced by his lawyer's failure to file a motion for reduction of the sentences.

In the face of the State's motion for summary disposition and the district court's notice of intent to summarily dismiss his application, Menchaca did not provide evidence showing ineffective assistance of counsel. Therefore, an evidentiary hearing was not required, and summary dismissal was appropriate.

Since Menchaca has not demonstrated that he was entitled to an evidentiary hearing, there was no reversible error in the district court's denial of Menchaca's motion for transport to the courthouse on the date scheduled for the evidentiary hearing.

The order denying Menchaca's application for post-conviction relief is affirmed.

WALTERS, C.J., and PERRY, J., concur.