181 P.3d 533

**Darryl Robin KUEHL, Petitioner–Appellant,**

**v.**

**STATE of Idaho, Respondent.**

**No. 30786.**

Court of Appeals of Idaho.

Jan. 8, 2008.

Review Denied April 15, 2008.

**608**

Molly J. Huskey, State Appellate Public Defender; Jason C. Pintler, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Ralph R. Blount, Deputy Attorney General, Boise, for respondent.

GUTIERREZ, Judge.

Darryl Robin Kuehl appeals from the district court's order summarily dismissing his application for post-conviction relief. We affirm.

**I.**

## BACKGROUND

Kuehl was convicted in 1997 for the crimes of first degree murder, Idaho Code §§ 18–4001, 18–4003, grand theft, I.C. §§ 18–2403(1), 18–2407(1)(b), and five counts of forgery, I.C. § 18–3601. His convictions stemmed from the shooting death of Paul Gruber in 1994. The facts of the case were previously summarized by this Court as follows:

Paul Gruber, the victim in this case, spent Christmas 1993 with his daughter in Reno, Nevada. On January 5, 1994, he returned to his home in Sandpoint, and was never heard from again. Gruber's daughter tried unsuccessfully to contact him for the next few weeks. Concerned because she could not reach Gruber, she filed a missing person's report on February 28, 1994.

An officer assigned to the case began investigating Gruber's disappearance. Based on information gathered during the investigation, the officer interviewed Kuehl and questioned him about Gruber's disappearance. Kuehl claimed that he and Gruber were involved in a business venture and that the last time he saw Gruber was on February 18, 1994. When Kuehl was shown a photograph of Gruber, Kuehl claimed that the person pictured in the photograph was not the Gruber he knew and implied that he must have been dealing with an imposter. The investigation into Gruber's disappearance continued and, on August 23, 1995, Gruber's badly decomposed body was found buried in the crawl space beneath his home. An autopsy revealed four gunshot wounds to the body, which were determined to be the likely cause of death.

In January 1996, the officer conducted a photographic lineup with a friend of Gruber's who claimed that he might be able to identify a person possibly involved in Gruber's disappearance and death. Gruber's friend identified Kuehl as the man he had seen in a videotape shown to him by Gruber and identified by Gruber as "Darryl." Kuehl was arrested on May 20, 1996, and

charged with the first degree murder of Gruber, I.C. §§ 18–4001, 18–4003; grand theft, I.C. §§ 18–24031, 18–24071(b); and five counts of forgery, I.C. § 18–3601.

*State v. Kuehl,* Docket No. 24755 (Ct.App. May 6, 2002) (unpublished). During Kuehl's trial, there were several discussions between the court and Kuehl's counsel as to whether or not Kuehl would testify. On the second-to-last day of defense presentation for Kuehl's case, counsel announced that Kuehl would not testify. The court proceeded to inform Kuehl of his constitutional right not to take the stand, and of his right to testify if he so desired. The court stressed that it was Kuehl's decision to make in consultation with his lawyers. Kuehl informed the court that he had discussed the issue with his attorneys, and that he was satisfied with the choice he and his lawyers made. Following his convictions for first degree murder, grand theft and five counts of forgery, Kuehl's judgment of conviction and sentences were affirmed by this Court in an unpublished opinion. *Kuehl,* Docket No. 24755.

Kuehl filed a *pro se* application for post-conviction relief, asserting ten instances of ineffective assistance of trial counsel. The state filed a motion seeking summary dismissal. After taking judicial notice of the trial record, transcripts of the trial, and exhibits admitted at trial, the district court denied Kuehl's application for post-conviction relief. Kuehl filed several subsequent motions for reconsideration and other relief; however he appeals now only from the dismissal of his initial application. Specifically, Kuehl appeals from the dismissal of only one claim raised in his application for post-conviction relief: that his trial counsel provided ineffective assistance by depriving him of his right to testify.

## II.

### STANDARD OF REVIEW

■ An application for post-conviction relief initiates a proceeding which is civil in nature. *State v. Bearshield,* 104 Idaho 676, 678, 662 P.2d 548, 550 (1983); *Clark v. State,* 92 Idaho 827, 830, 452 P.2d 54, 57 (1969); *Murray v. State,* 121 Idaho 918, 921, 828

P.2d 1323, 1326 (Ct.App.1992). As with a plaintiff in a civil action, the applicant must prove by a preponderance of evidence the allegations upon which the request for post-conviction relief is based. I.C. § 19–4907; *Russell v. State,* 118 Idaho 65, 67, 794 P.2d 654, 656 (Ct.App.1990). An application for post-conviction relief differs from a complaint in an ordinary civil action, however; an application must contain much more than "a short and plain statement of the claim" that would suffice for a complaint under Idaho Rule of Civil Procedure 8(a)(1). Rather, an application for post-conviction relief must be verified with respect to facts within the personal knowledge of the applicant, and affidavits, records, or other evidence supporting its allegations must be attached, or the application must state why such supporting evidence is not included with the application. I.C. § 19–4903. In other words, the application must present or be accompanied by admissible evidence supporting its allegations, or the application will be subject to dismissal. *State v. Ayala,* 129 Idaho 911, 915, 935 P.2d 174, 178 (Ct.App.1996).

■ Idaho Code Section 19–4906 authorizes summary disposition of an application for post-conviction relief, either pursuant to motion of a party or upon the court's own initiative. Summary dismissal of an application pursuant to I.C. § 19–4906 is the procedural equivalent of summary judgment under I.R.C.P. 56. Summary dismissal is permissible only when the applicant's evidence has raised no genuine issue of material fact that, if resolved in the applicant's favor, would entitle the applicant to the requested relief. If such a factual issue is presented, an evidentiary hearing must be conducted. *Gonzales v. State,* 120 Idaho 759, 763, 819 P.2d 1159, 1163 (Ct.App.1991); *Hoover v. State,* 114 Idaho 145, 146, 754 P.2d 458, 459 (Ct. App.1988); *Ramirez v. State,* 113 Idaho 87, 89, 741 P.2d 374, 376 (Ct.App.1987). Summary dismissal of an application for post-conviction relief may be appropriate, however, even where the state does not controvert the applicant's evidence, because the court is not required to accept either the applicant's mere conclusory allegations, unsupported by admissible evidence, or the applicant's con-

clusions of law. *Roman v. State*, 125 Idaho 644, 647, 873 P.2d 898, 901 (Ct.App.1994); *Baruth v. Gardner*, 110 Idaho 156, 159, 715 P.2d 369, 372 (Ct.App.1986).

On review of a dismissal of a post-conviction relief application without an evidentiary hearing, we determine whether a genuine issue of fact exists based on the pleadings, depositions and admissions together with any affidavits on file; moreover, the court liberally construes the facts and reasonable inferences in favor of the party opposing summary dismissal. *Ricca v. State*, 124 Idaho 894, 896, 865 P.2d 985, 987 (Ct.App.1993). Summary dismissal is appropriate where the record from the criminal action or other evidence conclusively disproves essential elements of the applicant's claims. *Chouinard v. State*, 127 Idaho 836, 839, 907 P.2d 813, 816 (Ct.App.1995).

### III.

### DISCUSSION

■ On the day Kuehl was planning to testify, his two attorneys took him into the judge's library for consultation, during which counsel purportedly promised Kuehl that if he would agree not to testify, "counsel would inform the jury of all the issues they withheld from the trial." According to Kuehl, counsel did not fulfill their end of the agreement, thus denying Kuehl's right to testify through a false promise. The state counters that regardless of his motives for not testifying, there was a showing on the record that Kuehl voluntarily waived his right to testify on the advice of counsel. Furthermore, the state asserts Kuehl has failed to show any prejudice as a result of counsel's conduct to support an ineffective assistance claim. Kuehl's failure to satisfy the prejudice prong is dispositive of this appeal.

A claim of ineffective assistance of counsel may properly be brought under the post-conviction procedure act. *Murray*, 121 Idaho at 924–25, 828 P.2d at 1329–30. To prevail on an ineffective assistance of counsel claim, the defendant must show the attorney's performance was deficient and that the defendant was prejudiced by the deficiency. *Strickland v. Washington*, 466 U.S. 668, 687–

88, 104 S.Ct. 2052, 2063–64, 80 L.Ed.2d 674, 693 (1984); *Hassett v. State*, 127 Idaho 313, 316, 900 P.2d 221, 224 (Ct.App.1995). To establish a deficiency, the applicant has the burden of showing the attorney's representation fell below an objective standard of reasonableness. *Aragon v. State*, 114 Idaho 758, 760, 760 P.2d 1174, 1176 (1988). To show prejudice, the applicant must demonstrate a reasonable probability that, but for the attorney's deficient performance, the outcome of the trial would have been different. *Id.* at 761, 760 P.2d at 1177.

■ Preliminarily, we address Kuehl's argument regarding the prejudice standard applicable in this case. Kuehl claims that the standard should not be that he must show the result would have been different, *Strickland*, 466 U.S. at 694, 104 S.Ct. at 2068, 80 L.Ed.2d at 697 but instead that but for counsel's failed assistance he would have insisted on testifying on his own behalf. Kuehl urges this court to adopt the standard for ineffective assistance of counsel used to analyze a guilty plea. That standard requires a defendant to show that there is reasonable probability that, but for counsel's errors, defendant would not have pled guilty and would have insisted on going to trial. *Hill v. Lockhart*, 474 U.S. 52, 59, 106 S.Ct. 366, 370, 88 L.Ed.2d 203, 210 (1985); *Menchaca v. State*, 128 Idaho 649, 652, 917 P.2d 806, 809 (Ct. App.1996). There is no precedent in Idaho for using a lessened standard of prejudice when the ineffective assistance claim relates to the right to testify. *See, e.g., State v. Fields*, 127 Idaho 904, 912, 908 P.2d 1211, 1219 (1995); *Aragon*, 114 Idaho at 764, 760 P.2d at 1180; *Cootz v. State*, 129 Idaho 360, 370, 924 P.2d 622, 632 (Ct.App.1996); *see also Rega v. United States*, 263 F.3d 18 (2nd Cir.2001) (comparing defendant's proffered testimony with evidence adduced at trial and declaring that it would not have altered the outcome); *United States v. Willis*, 273 F.3d 592, 598–99 (5th Cir.2001) (analyzing whether result would have been different if defendant had testified despite counsel's erroneous advice); *Horton v. Mayle*, 408 F.3d 570, 577 (9th Cir.2005) (using standard prejudice analysis on claim that attorney interfered with defendant's right to testify).

The United States Supreme Court modified the *Strickland* prejudice analysis with regard to guilty pleas because a guilty plea terminates the need for a trial—no evidence is produced against which a reviewing court could compare the alleged mistake to determine if the result would have been different. *Hill,* 474 U.S. at 59, 106 S.Ct. at 370, 88 L.Ed.2d at 210. In *Hill v. Lockhart,* counsel's bad advice caused Hill to forfeit the right to a judicial proceeding to which he was otherwise entitled. *Id.* at 54, 106 S.Ct. at 368, 88 L.Ed.2d at 207 Similarly, in *Roe v. Flores–Ortega,* 528 U.S. 470, 120 S.Ct. 1029, 145 L.Ed.2d 985 (2000), the United States Supreme Court clarified the prejudice standard for cases where defense counsel failed to file a timely notice of appeal. When "counsel's deficient performance has deprived respondent of more than a *fair* judicial proceeding [because the] deficiency deprived respondent of the appellate proceeding altogether," prejudice is presumed and the defendant must only show that "but for counsel's deficient performance, he would have appealed." *Id.* at 483–86, 120 S.Ct. at 1038–39, 145 L.Ed.2d at 998–1000. On the other hand, when a defendant asserts he was prevented from testifying, his proposed testimony can be readily compared with the evidence produced at trial in order to determine if the result would have been different with his testimony. Furthermore, the defendant is not denied any of the judicial proceedings to which he is entitled. Consequently, we conclude Kuehl has the burden of showing how trial counsel's allegedly deficient performance caused prejudice such that the inclusion of his testimony would have led to a different verdict.

▮▮▮ Every criminal defendant has a fundamental right to testify on his or her own behalf. *Rock v. Arkansas,* 483 U.S. 44, 107 S.Ct. 2704, 97 L.Ed.2d 37 (1987); *State v. Hoffman,* 116 Idaho 689, 690, 778 P.2d 811, 812 (Ct.App.1989). Counsel may advise the defendant regarding the wisdom and propriety of testifying; however the defendant personally is vested with the ultimate authority to decide whether or not to testify. *Hoffman,* 116 Idaho at 690, 778 P.2d at 812. Even assuming counsel made a false promise to Kuehl which fell below an objective standard of reasonableness, Kuehl has not shown prejudice as a result of that promise. There is no prejudice when the appellate court is satisfied beyond a reasonable doubt that the error did not affect the jury's verdict; any error is therefore harmless. *Strickland,* 466 U.S. at 691, 694, 104 S.Ct. at 2066, 2068, 80 L.Ed.2d at 695, 697; *Cootz,* 129 Idaho at 369, 924 P.2d at 631.

Although not set forth within Kuehl's allegation of ineffective assistance that is the basis of this appeal, the evidence that he alleged was withheld from the jury is summarized in the other allegations of ineffective assistance in his original application for post-conviction relief. They can be condensed into several theories: (1) someone else had access to Gruber's residence and the motive to kill, (2) there was an imposter who likely killed the real Gruber and framed Kuehl, and (3) Kuehl didn't have a motive to kill the real Gruber. To begin with, much of this evidence was presented to the jury, although perhaps not with the particular slant Kuehl would have liked. For example, defense counsel presented evidence in support of the imposter theory during cross-examination throughout the state's case-in-chief and in the presentation of the defense's case. Ultimately, the implications Kuehl wished to raise were made apparent to the jury based on the evidence presented. Moreover, much of Kuehl's proposed testimony merely pits his word against that of other witnesses, including experts, making it more likely that the jury would not have believed his story.[1] The trial evidence against Kuehl, though circumstantial, was overwhelming, and the lack of his testimony did not affect the verdict.

Accordingly, we conclude that no material issues of fact existed which would warrant an evidentiary hearing. *See Roman,* 125 Idaho at 647, 873 P.2d at 901 ("Facts in dispute cease to be 'material' facts when the plaintiff fails to establish a *prima facie* case. In such

---

1. Based on the sometimes incoherent and disorganized manner in which Kuehl both speaks and writes, it is entirely likely he would have simply confused the jury instead of clarifying the issues he wished to present.

a situation there can be 'no genuine issue of material fact,' since a complete failure of proof concerning an essential element of the non-moving party's case necessarily renders all other facts immaterial.").

## IV.

## CONCLUSION

Kuehl failed to raise any material issues of fact warranting an evidentiary hearing with regard to whether he received ineffective assistance of counsel in making his decision not to testify because he has failed to demonstrate a reasonable probability, that had he testified, the jury's verdict would have been different. The district court's order summarily dismissing Kuehl's application for post-conviction relief is affirmed.

Judge LANSING and Judge PERRY concur.

