IN THE COURT OF APPEALS OF THE STATE OF IDAHO
Docket No. 37829

| DARRYL R. KUEHL, | ) | 2012 Unpublished Opinion No. 334 |
| | ) | |
| Petitioner-Appellant, | ) | Filed: January 24, 2012 |
| | ) | |
| v. | ) | Stephen W. Kenyon, Clerk |
| | ) | |
| STATE OF IDAHO, | ) | THIS IS AN UNPUBLISHED |
| | ) | OPINION AND SHALL NOT |
| Respondent. | ) | BE CITED AS AUTHORITY |
| | ) | |

Appeal from the District Court of the First Judicial District, State of Idaho, Bonner County. Hon. Steven C. Verby, District Judge.

Judgment summarily dismissing post-conviction action, <u>affirmed</u>.

Nevin, Benjamin, McKay & Bartlett LLP; Deborah A. Whipple, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; John C. McKinney, Deputy Attorney General, Boise, for respondent.

_____

LANSING, Judge

Darryl R. Kuehl appeals from the summary dismissal of his successive petition for post-conviction relief. We affirm.

## I.

## FACTS AND PROCEDURE

Kuehl was convicted in 1997 for first degree murder, Idaho Code §§ 18-4001, 18-4003, grand theft, I.C. §§ 18-2403(1), 18-2407(1)(b), and five counts of forgery, I.C. § 18-3601. His convictions stemmed from the shooting death of Paul Gruber in 1994 and the theft of his property. Kuehl appealed from his judgment of conviction. This Court affirmed the convictions. *State v. Kuehl*, Docket No. 24755 (Ct. App. May 6, 2002) (unpublished).

Thereafter, Kuehl filed a petition for post-conviction relief, asserting ten instances of ineffective assistance of his trial counsel. Counsel was appointed to represent Kuehl in that post-conviction proceeding. The district court summarily dismissed the petition and Kuehl appealed.

1

This Court affirmed the dismissal in *Kuehl v. State*, 145 Idaho 607, 181 P.3d 533 (Ct. App. 2008).

While his first post-conviction appeal was still pending, Kuehl filed the present successive action for post-conviction relief. He asserted a number of claims of ineffective assistance of his direct appeal counsel for failure to raise issues in that appeal as well as a number of other claims for relief. Counsel was eventually appointed to represent Kuehl, and a supplemental petition was filed. The State filed a motion for summary dismissal which was granted by the district court. Kuehl filed an Idaho Rule of Civil Procedure 60(b) motion for relief from the dismissal. The district court denied the motion and Kuehl appeals.

**II.**

**ANALYSIS**

Successive petitions for post-conviction relief are allowed only in limited circumstances. An individual may file a timely successive petition if "the court finds a ground for relief asserted which for sufficient reason was not asserted or was inadequately raised in the original, supplemental, or amended application." I.C. § 19-4908. *See also Charboneau v. State*, 144 Idaho 900, 904, 174 P.3d 870, 874 (2007); *Schwartz v. State*, 145 Idaho 186, 189, 177 P.3d 400, 403 (Ct. App. 2008). The petitioner bears the burden of providing the district court with facts establishing a "sufficient reason." *Hooper v. State*, 127 Idaho 945, 948, 908 P.2d 1252, 1255 (Ct. App. 1995).

In Kuehl's successive petition he asserted that after filing his pro se initial petition for post-conviction relief, he met with his appointed post-conviction counsel and discussed with him additional "trial evidence" that Kuehl had not referenced in the initial petition but that now provides the basis for the claims asserted in his successive petition. He alleged that his initial post-conviction counsel told him that this information should have been used in his direct appeal, but that his post-conviction counsel failed to inform him, at a time when he could still have amended his petition, that he could assert additional claims of ineffective assistance of his direct appeal counsel for failing to raise certain claims of error in that appeal based upon this information. Kuehl said that he had only recently learned that a claim of ineffective assistance of direct appeal counsel may be presented in a post-conviction action, and that he filed his successive petition shortly thereafter.

2

The State moved for summary dismissal on a number of grounds, including that Kuehl had failed to establish a sufficient reason to allow a successive petition. After receiving Kuehl's response, the district court granted the motion. On appeal, Kuehl first argues that this case must be remanded for findings because, he says, the order of dismissal does not make clear whether the district court overlooked his asserted sufficient reasons or simply found them legally insufficient.

We do not find remand to be necessary, for it is clear that the district court here recognized and considered Kuehl's alleged sufficient reasons. Although the district court's order of dismissal does not discuss the detail of Kuehl's asserted sufficient reason, the court's disposition of the various claims shows that it did consider and rule upon these assertions. The claims alleged in Kuehl's successive petition are not entirely clear or cohesively written, but some of the claims appear to be asserted as independent constitutional violations or wrongs in that they make no reference to ineffectiveness of direct appeal counsel for failure to raise them as claims of error on appeal. The district court summarily dismissed all claims *not alleging* ineffective assistance of direct appeal counsel for lack of a showing of sufficient reason, and summarily dismissed the claims *alleging* ineffective assistance of direct appeal counsel on a different basis, namely the statute of limitations. Thus, it appears that the court recognized, and even accepted, Kuehl's asserted sufficient reason with respect to the claims of ineffective assistance of appellate counsel.

On appeal Kuehl takes a more expansive view of his asserted sufficient reason than did the district court. Referencing averments he made in an unsworn brief, he argues that his sufficient reason was that his original post-conviction counsel "incorrectly told him that none of the claims he raised in the successive petition could be raised in the original petition." In other words, his asserted sufficient reason applied to *all* of his newly-pled claims and not just those asserting ineffective assistance of direct appeal counsel. In addition, Kuehl directly challenges the propriety of the district court's dismissal of his ineffective assistance of direct appeal counsel claims on statute of limitations grounds.[1]

---

[1]     The district court also dismissed one claim, that Kuehl was unlawfully deprived of his right to testify in his defense, on the ground that the claim had been raised and fully litigated through appeal in Kuehl's first post-conviction action, *see Kuehl*, 145 Idaho at 609-11, 181 P.3d

We need not address whether the district court erred in its application of the statute of limitations to part of Kuehl's claims, for we conclude that Kuehl did not demonstrate a sufficient reason for failing to include *all* of his current claims in his original post-conviction petition. Where the lower court reaches the correct result by an erroneous theory, this Court may affirm the order if the same result would be proper under another theory that was presented below. *Fields v. State*, 151 Idaho 18, 22, 253 P.3d 692, 696 (2011); *Baker v. State*, 142 Idaho 411, 420, 128 P.3d 948, 957 (Ct. App. 2005). As explained below, Kuehl's asserted sufficient reason for not including his current claims in his original petition is insufficient as a matter of law as to all of his claims for relief, and his successive petition was subject to dismissal for that reason.

While Idaho courts have recognized that ineffective assistance of prior post-conviction counsel may supply a sufficient reason authorizing the filing of a successive petition, this has been recognized only in the limited circumstance where claims for relief prepared and filed by the petitioner pro se were not adequately addressed on the merits because of counsel's subsequent deficient performance, *see Palmer v. Dermitt*, 102 Idaho 591, 596, 635 P.2d 955, 960 (1981); *Schwartz v. State*, 145 Idaho 186, 189, 177 P.3d 400, 403 (Ct. App. 2008); *Griffin v. State*, 142 Idaho 438, 441, 128 P.3d 975, 978 (Ct. App. 2006); *Wolfe v. State*, 113 Idaho 337, 339, 743 P.2d 990, 992 (Ct. App. 1987), or where counsel prepared a legally insufficient petition and failed to amend it after the court gave notice of the deficiencies. *See Hernandez v. State*, 133 Idaho 794, 798, 992 P.2d 789, 793 (Ct. App. 1999). These circumstances were deemed a justification to allow a successive petition because failing to provide a meaningful opportunity to have post-conviction claims heard may be violative of due process. *Schwartz*, 145 Idaho at 189, 177 P.3d at 403.

These precedents are not applicable to Kuehl's circumstance, however, for Kuehl personally filed his original petition for post-conviction relief pro se. All of the facts underlying his present successive claims were known to him at that time, but he did not include them in his original petition. No act or deficiency of his *subsequently appointed* counsel prevented Kuehl from including these claims in his original pro se petition or caused claims in his original petition to be dismissed. Rather, Kuehl's stated reason for not alleging these claims is that he was

at 535-37, and was thus barred on res judicata grounds. Kuehl asserts no error in this determination.

4

unaware that the asserted facts could give rise to a legal claim for post-conviction relief when he filed his initial petition.

We have long held, however, that this type of mistake of law does not excuse noncompliance with the statute of limitations for post-conviction actions. *Judd v. State*, 148 Idaho 22, 26, 218 P.3d 1, 5 (Ct. App. 2009); *Chapman v. State*, 128 Idaho 733, 735, 918 P.2d 602, 604 (Ct. App. 1996); *Swisher v. State*, 129 Idaho 467, 470, 926 P.2d 1314, 1317 (Ct. App. 1996). In *Judd* we explained:

> It is apparent from Judd's allegations that the facts giving rise to his claims--the acts and omissions of his attorney--were known to him many years before this action was filed. It was only the legal theory that these facts might create a right to post-conviction relief that was allegedly discovered shortly before the petition was filed. A discovery exception to a statute of limitation applies only to the discovery of facts not discovery of the law.

*Judd*, 148 Idaho at 26, 218 P.3d at 5. The same rationale applies to Kuehl's contention that he has shown a sufficient reason for omission of his present claims from his original post-conviction petition. Therefore, we will affirm the dismissal of all of Kuehl's claims because he did not demonstrate a sufficient reason to allow a successive post-conviction action.[2]

Having concluded that Kuehl's successive petition was properly dismissed for failure to allege a sufficient reason for the omission of the present claims from his original post-conviction petition, we need not separately address Kuehl's claim of error in the district court's denial of his Rule 60(b) motion. For the foregoing reasons, the district court's judgment of dismissal is affirmed.

Chief Judge GRATTON and Judge MELANSON **CONCUR.**

---

[2] This disposition of Kuehl's successive action makes it unnecessary for this Court to consider the merits of his claims. Nevertheless, the invalidity of at least one of his claims is so stark that we take a moment to remark upon it. Kuehl alleges, *inter alia*, that the attorney representing him in the direct appeal from his judgment of conviction was deficient in failing to raise as an issue on appeal that the trial evidence was insufficient to support the jury's finding that Kuehl was guilty of murder. This contention is entirely refuted by this Court's unpublished opinion in that appeal. We there held that even assuming that the admission of certain trial evidence was error, there was no reasonable possibility that the error contributed to Kuehl's conviction in light of the other compelling evidence of his guilt. Our opinion summarized some of that compelling evidence, which we referred to as "substantial circumstantial evidence connecting Kuehl to Gruber's death." In light of that ruling, it is apparent that an appellate claim of insufficiency of the evidence would have been meritless, and Kuehl's attorney cannot be faulted for declining to present it.

5