**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 41353**

| | | |
|---|---|---|
| **MIGUEL C. JOYNER,** | ) | **2014 Unpublished Opinion No. 726** |
| | ) | |
| Petitioner-Appellant, | ) | **Filed: September 17, 2014** |
| | ) | |
| v. | ) | **Stephen W. Kenyon, Clerk** |
| | ) | |
| **STATE OF IDAHO,** | ) | **THIS IS AN UNPUBLISHED** |
| | ) | **OPINION AND SHALL NOT** |
| Respondent. | ) | **BE CITED AS AUTHORITY** |
| | ) | |

Appeal from the District Court of the Fourth Judicial District, State of Idaho, Ada County. Hon. Richard D. Greenwood, District Judge.

Judgment of the district court summarily dismissing petition for post-conviction relief, <u>affirmed</u>.

Miguel C. Joyner, Boise, pro se appellant.

Hon. Lawrence G. Wasden, Attorney General; Kenneth K. Jorgensen, Deputy Attorney General, Boise, for respondent.

_____

LANSING, Judge

Miguel C. Joyner was convicted of domestic violence and attempted strangulation. He appealed that ruling arguing, *inter alia*, that his motion for mistrial was improperly denied; but this Court affirmed the judgment of conviction. Joyner thereafter filed a petition for post-conviction relief reasserting that claim along with numerous other claims. His petition for post-conviction relief was summarily dismissed. Joyner appeals that dismissal.

**I.**

**BACKGROUND**

We set forth the procedural history of the underlying criminal case in *State v. Joyner*, Docket Nos. 36215/36766 (Ct. App. May 13, 2011) (unpublished):

> [T]he state filed a complaint against Joyner and ultimately charged him by information with the felony crimes of attempted strangulation, domestic violence, and violation of a no-contact order, and the misdemeanor crimes of intentional

destruction of a telecommunication instrument and providing false information to a law enforcement officer. The state also alleged Joyner to be a persistent violator.

. . . .

[The district court dismissed these charges on grounds related to Joyner's right to a speedy trial, but permitted the State to refile them.]

On January 27, 2009, the state re-filed the felony charges of attempted strangulation, domestic violence, and violation of a no-contact order, and added a second felony charge of domestic violence by amended complaint. Upon the case being bound over to the district court, the state re-filed the persistent violator allegation and a jury trial was set for June 1, 2009.

. . . The case proceeded to jury trial where Joyner sought a motion for mistrial after two potential jurors allegedly contaminated the jury panel during voir dire. The district court denied Joyner's motion for mistrial and the jury found Joyner guilty of felony attempted strangulation and one count of felony domestic violence, but not the second charge of felony domestic violence. The jury also found Joyner to be a persistent violator.

On appeal, we concluded that "the district court did not err in denying Joyner's motion to dismiss [the refiled charges] on speedy trial grounds" and that the denial of the motion for a mistrial was harmless.

In this case, Joyner filed a petition for post-conviction relief, in which he raised ten claims for relief: (1) the State failed to inform the court that Joyner refused to waive his speedy trial rights; (2) his attorney failed to inform the jury that a previous jury had acquitted him of domestic battery in a prior case; (3) his attorney failed to object when Officer Evans acted as a medical expert; (4) his attorney did not allow him to testify on his own behalf; (5) his attorney failed to adduce evidence that the alleged victim had committed perjury in a prior proceeding; (6) his attorney failed to object to or otherwise challenge evidence regarding the alleged victim being on her toes at some point during the altercation;[1] (7) his attorney failed to object to a juror's statement that she knew Joyner from her prior experience as a law enforcement officer; (8) he was entitled to a mistrial due to statements made by a prospective juror during voir dire expressing the opinions about men who engage in domestic violence and about the credibility of officers and civilians; (9) his attorney should have requested a mistrial in response to statements by a prospective juror indicating that he favored the State; and (10) his attorney failed to either seek the removal of a juror for cause or use a preemptory challenge to dismiss her after she

---

[1]     Because our record of the original trial proceeding is sparing, we cannot determine the exact nature of this claim.

2

admitted that she did not understand reasonable doubt or understand how to weigh the facts presented in the case.

In response, the State filed an answer and a motion for summary disposition. The case proceeded to a hearing on the motion for summary disposition. At that hearing, Joyner's counsel was alerted to the fact that the record of the underlying criminal case had not been made part of the record in the post-conviction case. Counsel was also informed that the post-conviction court could not consider references to facts outside of the post-conviction record. In response, counsel sought the admission of only two small portions of the trial transcript. At the close of the hearing, the court granted the motion for summary dismissal, dismissing all of Joyner's claims. Joyner appealed.

## II.

## ANALYSIS

Idaho Code Section 19-4906 authorizes summary dismissal of a petition for post-conviction relief if "it appears from the pleadings, depositions, answers to interrogatories, and admissions and agreements of fact, together with any affidavits submitted, that there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law." I.C. § 19-4906(c). When considering summary dismissal, the district court must construe disputed facts in the petitioner's favor, but the court is not required to accept either the petitioner's mere conclusory allegations, unsupported by admissible evidence, or the petitioner's conclusions of law. *State v. Payne*, 146 Idaho 548, 561, 199 P.3d 123, 136 (2008); *Roman v. State*, 125 Idaho 644, 647, 873 P.2d 898, 901 (Ct. App. 1994). Moreover, because the district court rather than a jury will be the trier of fact in the event of an evidentiary hearing, the district court is not constrained to draw inferences in the petitioner's favor, but is free to arrive at the most probable inferences to be drawn from the evidence. *State v. Yakovac*, 145 Idaho 437, 444, 180 P.3d 476, 483 (2008); *Wolf v. State*, 152 Idaho 64, 67, 266 P.3d 1169, 1172 (Ct. App. 2011); *Hayes v. State*, 146 Idaho 353, 355, 195 P.3d 712, 714 (Ct. App. 2008). Such inferences will not be disturbed on appeal if the uncontroverted evidence is sufficient to justify them. *Chavez v. Barrus*, 146 Idaho 212, 218, 192 P.3d 1036, 1042 (2008); *Hayes*, 146 Idaho at 355, 195 P.2d at 714; *Farnsworth v. Dairymen's Creamery Ass'n*, 125 Idaho 866, 868, 876 P.2d 148, 150 (Ct. App. 1994).

Claims may be summarily dismissed if the petitioner's allegations are clearly disproven by the record of the criminal proceedings, if the petitioner has not presented evidence making a prima facie case as to each essential element of the claims, or if the petitioner's allegations do not justify relief as a matter of law. *Kelly v. State*, 149 Idaho 517, 521, 236 P.3d 1277, 1281 (2010); *McKay v. State*, 148 Idaho 567, 570, 225 P.3d 700, 703 (2010); *DeRushé v. State*, 146 Idaho 599, 603, 200 P.3d 1148, 1152 (2009); *Charboneau v. State*, 144 Idaho 900, 903, 174 P.3d 870, 873 (2007); *Berg v. State*, 131 Idaho 517, 518, 960 P.2d 738, 739 (1998); *Murphy v. State*, 143 Idaho 139, 145, 139 P.3d 741, 747 (Ct. App. 2006); *Cootz v. State*, 129 Idaho 360, 368, 924 P.2d 622, 630 (Ct. App. 1996). Thus, summary dismissal of a claim for post-conviction relief is appropriate when the court can conclude, as a matter of law, that the petitioner is not entitled to relief even with all disputed facts construed in the petitioner's favor. For this reason, summary dismissal of a post-conviction petition may be appropriate even when the State does not controvert the petitioner's evidence. *See Payne*, 146 Idaho at 561, 199 P.3d at 136; *Roman*, 125 Idaho at 647, 873 P.2d at 901.

On appeal from an order of summary dismissal, we apply the same standards utilized by the trial courts and examine whether the petitioner's admissible evidence asserts facts which, if true, would entitle the petitioner to relief. *Ridgley v. State*, 148 Idaho 671, 675, 227 P.3d 925, 929 (2010); *Berg*, 131 Idaho at 519, 960 P.2d at 740; *Sheahan v. State*, 146 Idaho 101, 104, 190 P.3d 920, 923 (Ct. App. 2008); *Roman*, 125 Idaho at 647, 873 P.2d at 901. Over questions of law, we exercise free review. *Rhoades v. State*, 148 Idaho 247, 250, 220 P.3d 1066, 1069 (2009); *Downing v. State*, 136 Idaho 367, 370, 33 P.3d 841, 844 (Ct. App. 2001); *Martinez v. State*, 130 Idaho 530, 532, 944 P.2d 127, 129 (Ct. App. 1997).

A claim of ineffective assistance of counsel may properly be brought under the Uniform Post-Conviction Procedure Act. *Murray v. State*, 121 Idaho 918, 924-25, 828 P.2d 1323, 1329-30 (Ct. App. 1992). To prevail on an ineffective assistance of counsel claim, the petitioner must show that the attorney's performance was deficient and that the petitioner was prejudiced by the deficiency. *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984); *Hassett v. State*, 127 Idaho 313, 316, 900 P.2d 221, 224 (Ct. App. 1995). To establish a deficiency, the petitioner has the burden of showing that the attorney's representation fell below an objective standard of reasonableness. *Aragon v. State*, 114 Idaho 758, 760, 760 P.2d 1174, 1176 (1988). To establish prejudice, the petitioner must show a reasonable probability that, but for the attorney's deficient

performance, the outcome of the trial would have been different. *Id.* at 761, 760 P.2d at 1177. This Court has long adhered to the proposition that tactical or strategic decisions of trial counsel will not be second-guessed on appeal unless those decisions are based on inadequate preparation, ignorance of relevant law, or other shortcomings capable of objective evaluation. *Howard v. State*, 126 Idaho 231, 233, 880 P.2d 261, 263 (Ct. App. 1994).

In his appellant's brief, Joyner asserts seven claims of ineffective assistance of his defense attorney. He argues that his attorney was deficient for: (1) failing to obtain adequate relief when the district court referenced "count 4" and then instructed the jury to disregard that reference; (2) failing to object to the State's leading questions; (3) failing to ask questions about the movement of certain personal property at the crime scene; (4) failing to impeach a witness using the witness's statements in the preliminary hearing; (5) failing to object to prosecutorial misconduct for suborning perjury or willfully overlooking obviously perjured statements; (6) asking questions that helped the State's case and caused the jury to sympathize with the alleged victim; (7) his attorney, in some unspecified way, frustrating his ability to testify on his own behalf and offer an alibi defense. He also argues he was entitled to a mistrial because a juror expressed the opinions that most men who engage in domestic violence become more violent over time and that police officers are more credible than civilians, and he argues that the denial of his motion was the result of court malice.

## A.     Most of the Issues Joyner Raises Are Not Properly Before This Court

After reviewing the claims Joyner raised in his petition for post-conviction relief, we conclude that only two of his claims on appeal were raised below. In both his petition and in his appellate brief, Joyner claimed that he was entitled to a mistrial when a juror expressed his opinion regarding men who engaged in domestic violence and that his attorney provided ineffective assistance by frustrating his right to testify on his own behalf. Each of the other claims has been raised for the first time on appeal. Issues not raised below may not be considered for the first time on appeal. *State v. Fodge*, 121 Idaho 192, 195, 824 P.2d 123, 126 (1992); *State v. McGiboney*, 152 Idaho 769, 772, 274 P.3d 1284, 1287 (Ct. App. 2012). More particularly, claims not set forth in a petition for post-conviction relief or an amended petition may not be considered on appeal. *Small v. State*, 132 Idaho 327, 331, 971 P.2d 1151, 1155 (Ct. App. 1998). Accordingly, our review is limited to those two claims that were raised below.

**B.      Joyner's Claim That He Was Entitled to a Mistrial Is Barred by Res Judicata**

We first address the claim that Joyner's attorney was ineffective for failing to obtain a mistrial after a juror discussed his opinions regarding domestic violence. This issue was addressed in the previous direct appeal. Below, post-conviction counsel conceded that this Court had already reviewed the substance of this claim in *Joyner*, Docket Nos. 36215/36766. In that appeal, Joyner complained that a "prospective juror revealed that he had prior experience in law enforcement, had been involved in domestic violence situations, and could not be a fair juror because he believed that there had been 'priors' and that he would believe police officers over other witnesses." *Id.* During voir dire, Joyner's counsel objected and requested a mistrial. The district court denied Joyner's motion for mistrial, but excused the juror. *Id.* On appeal, we concluded that any error was harmless. *Id.* As part of our harmless error analysis, we noted that trial counsel did not canvass the jury or otherwise discover whether other jurors had adopted the challenged juror's point of view.

Although Joyner's post-conviction counsel recognized that the merits of the motion for mistrial had been addressed, counsel argued that the claim raised in the direct appeal and the claim raised in the post-conviction action are sufficiently different that principles of res judicata did not apply. Counsel argued that the post-conviction claim alleged ineffective assistance of counsel for the failure to canvass the jury. We disagree; in both the petition for post-conviction relief and in this appeal, Joyner complains about court error. In his petition, he stated that the comments "should have [resulted in] a mistrial . . . the Court overruled [the motion seeking] a mistrial. How could it not be."[2] On appeal, Joyner describes this claim as "Court Malice." Accordingly, we conclude that the claim on appeal in this case is identical to the claim raised on direct appeal. In that case, this Court decided that Joyner was not entitled to any relief relating to the trial court's denial of the motion for mistrial. The principles of res judicata apply when a petitioner attempts to raise the same issues previously ruled upon on direct appeal in a subsequent petition for post-conviction relief. *Knutsen v. State*, 144 Idaho 433, 439, 163 P.3d 222, 228 (Ct. App. 2007). Therefore, summary dismissal of this claim was proper.[3]

---

[2]      As stated above, Joyner raised other claims regarding voir dire in his petition for post-conviction relief, but those are not raised on appeal.

[3]      We need not also address the impropriety of raising this issue through post-conviction proceedings.

**C.      Joyner Failed to Demonstrate That He Was Prejudiced by Counsel's Frustrating His Right to Testify**

The second claim that is properly before this Court is the claim that counsel was ineffective when she frustrated Joyner's right to testify. As to this claim, the inadequacy of our record is critical. The portion of the criminal trial record that was submitted to the post-conviction court is limited. It shows that after the State rested its case, the trial court asked if Joyner's counsel needed time to discuss with Joyner whether he would testify. Joyner and counsel spoke off of the record and, after the discussion, counsel indicated that Joyner would not testify. In its oral ruling granting the motion for summary dismissal, the post-conviction court held:

> [I]f I accept as true for the purposes of summary dismissal, which is appropriate, that his attorney told him he couldn't testify and he knew no different, taking that as true, he still has not demonstrated a grounds for post-conviction relief because he has not given any hint of his testimony, how it could have possibly changed the outcome in this case, how truthful testimony on his part would have made the case come out differently, not to mention all the tactical issues and questions that go into not testifying, including in his case the problem that he was a convicted felon and the possibility that could be used for impeachment.
>
>         I don't know that it would have been. I'm just saying that there were all kinds of reasons. But even assuming his lawyer wrongfully told him he did not have the right to decide for himself, that she made the decision for him, he has not met his burden on post-conviction relief of showing a likelihood that the outcome of the trial would have been different but for the deficient performance of counsel.

Below, Joyner gave only a fleeting description of his potential testimony. He contends that he would have testified that he was "never in the house with [the alleged victim] never." Our standard of review demands that we treat this factual contention as true. For the purpose of this appeal, we will presume that counsel was ineffective when she frustrated Joyner's right to give this testimony. However, we are not required to presume the truthfulness of Joyner's conclusions. *See Payne*, 146 Idaho at 561, 199 P.3d at 136; *Roman*, 125 Idaho at 647, 873 P.2d at 901. Most notably, we are not required to accept Joyner's conclusory assertion that "the outcome would've been different if [Joyner] would have been able to take the stand [and was able to tell the jury] what really took place and . . . raise[] reasonable doubt."

Where the right to testify is at issue on a claim of ineffective assistance, a petitioner must show a reasonable probability that, but for the attorney's deficient performance, the outcome of the trial would have been different. *See Aragon*, 114 Idaho at 761, 760 P.2d 1177 (detailing the

7

generally applicable standard); *see also Kuehl v. State*, 145 Idaho 607, 611, 181 P.3d 533, 537 (Ct. App. 2008) (holding that a petitioner had failed to show how the evidence would have impacted the trial and why the jury would have believed his testimony); *Cootz*, 129 Idaho at 369-70, 924 P.2d at 631-32 (applying the applicable prejudice standard and holding that a petitioner failed to show how the testimony would have impacted the case). In this case, Joyner did not provide an adequate record to the district court demonstrating whether he was prejudiced by the absence of his testimony at trial. That is, he did not present to the district court a full transcript of the criminal trial. In the absence of a transcript, we and the district court cannot determine the strength of the State's evidence or whether there was evidence that would have compellingly refuted Joyner's potential, self-serving testimony that he was not at the victim's home. Moreover, Joyner's post-conviction counsel was informed that the record was deficient and made no effort to remedy that deficiency. Accordingly, we, like the district court, conclude that Joyner has not met his burden of showing a reasonable likelihood that the outcome of the trial would have been different but for the alleged deficient performance of counsel.

## III.

## CONCLUSION

The majority of Joyner's claims on appeal are not properly before this Court because they were not raised below. Of the remaining claims, the mistrial claim is barred by res judicata, and Joyner failed to show he was prejudiced by his attorney's alleged ineffective assistance in frustrating his right to testify. Therefore, the judgment of the district court summarily dismissing Joyner's petition for post-conviction relief is affirmed.

Judge GRATTON and Judge MELANSON **CONCUR.**