IN THE COURT OF APPEALS OF THE STATE OF IDAHO
Docket No. 34408

| JOHN A. JUDD, | ) | |
|---|---|---|
| | ) | **2009 Opinion No. 54** |
| Petitioner-Appellant, | ) | |
| | ) | **Filed: July 27, 2009** |
| v. | ) | |
| | ) | **Stephen W. Kenyon, Clerk** |
| STATE OF IDAHO, | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

Appeal from the District Court of the Sixth Judicial District, State of Idaho, Bannock County. Hon. Peter D. McDermott, District Judge.

Order summarily dismissing action for post-conviction relief and denying motion for appointed counsel, <u>affirmed</u>.

Molly J. Huskey, State Appellate Public Defender; Heather M. Carlson, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; John C. McKinney, Deputy Attorney General, Boise, for respondent.

_____

LANSING, Chief Judge

John A. Judd appeals from the dismissal of his petition for post-conviction relief. He contends that the district court erred by not ruling on his motion for appointed counsel prior to dismissing the action.

## I.

## BACKGROUND

In 1998, Judd pleaded guilty to sexual abuse of a minor child under sixteen and received a unified fifteen-year sentence with five years determinate. No appeal was taken from that judgment. In 2000, Judd filed a pro se motion for reduction of sentence, which was denied because it was not timely filed.

In March 2007, Judd filed a pro se petition for post-conviction relief. He asserted a number of claims of ineffective assistance by his defense counsel, including that counsel failed

1

to inform the court that Judd was a juvenile at the time of his offense, failed to file a direct appeal from the judgment of conviction as requested, and failed to file a timely motion for reduction of Judd's sentence as promised. With his petition, Judd filed a motion for appointment of counsel. The district court, without ruling on the motion for appointed counsel and without giving prior notice, dismissed the petition because it was filed after expiration of the one-year limitation period established by Idaho Code § 19-4902.[1] After Judd timely appealed, the State moved to remand the case to the district court for provision of the requisite notice to Judd of the court's intent to dismiss and to allow Judd time to respond as required by I.C. § 19-4906(b). Our Supreme Court granted the motion for remand and suspended this appeal.

Thereafter, the district court issued a notice of intent to dismiss on statute of limitation grounds. Judd, still appearing pro se, filed a response that did not address the statute of limitation issue. Judd also filed a second motion for appointment of counsel. After receiving Judd's responsive materials, the district court again dismissed the action as barred by the statute of limitation. In the same order, the district court stated that it "considered and herewith DENIES the appointment of counsel."

In this appeal, now ripe for our review, Judd contends that the district court erred by dismissing his post-conviction action without first considering Judd's request for counsel and appointing counsel to assist him.

## II.

## ANALYSIS

Idaho Code § 19-4906 authorizes summary dismissal of an application for post-conviction relief, either pursuant to motion of a party or upon the court's own initiative. Summary dismissal of an application pursuant to I.C. § 19-4906 is the procedural equivalent of summary judgment under Idaho Rule of Civil Procedure 56. *Muchow v. State*, 142 Idaho 401, 402, 128 P.3d 938, 939 (2006); *Rhoades v. State*, 135 Idaho 299, 300, 17 P.3d 243, 244 (2000). Summary dismissal is permissible only when the applicant's evidence has raised no genuine issue of material fact that, if resolved in the applicant's favor, would entitle the applicant to the

---

[1] Under I.C. § 19-4902, an application for post-conviction relief may be filed at any time within one year from the expiration of the time for appeal from a judgment of conviction, from the determination of an appeal, or from the determination of a proceeding following an appeal, whichever is later.

requested relief. If such a factual issue is presented, an evidentiary hearing must be conducted. *Gonzales v. State*, 120 Idaho 759, 763, 819 P.2d 1159, 1163 (Ct. App. 1991); *Hoover v. State*, 114 Idaho 145, 146, 754 P.2d 458, 459 (Ct. App. 1988); *Ramirez v. State*, 113 Idaho 87, 88, 741 P.2d 374, 375 (Ct. App. 1987). In determining whether a genuine factual issue exists, the court must liberally construe the facts and reasonable inferences in favor of the nonmoving party. *Ricca v. State*, 124 Idaho 894, 896, 865 P.2d 985, 987 (Ct. App. 1993).

If a post-conviction petitioner is unable to pay for legal representation, the trial court may appoint counsel at public expense. I.C. § 19-4904. While the decision to grant or deny a request for court-appointed counsel is discretionary, *Charboneau v. State*, 140 Idaho 789, 792, 102 P.3d 1108, 1111 (2004), counsel should be appointed if the petitioner qualifies financially and "alleges facts to raise the possibility of a valid claim." *Id.* at 793, 102 P.3d at 1112; *Plant v. State*, 143 Idaho 758, 761, 152 P.3d 629, 632 (Ct. App. 2006). In adopting this standard, the *Charboneau* Court reasoned that because a pro se petitioner may not know the essential elements of a claim, potentially meritorious petitions may be conclusory and incomplete. *Charboneau*, 140 Idaho at 792-93, 102 P.3d at 1111-12. Consequently, if facts are alleged giving rise to the *possibility* of a valid claim, the trial court should appoint counsel in order to give the petitioner an opportunity to work with counsel and properly allege the necessary supporting facts. *Id.* "[E]very inference must run in the petitioner's favor where the petitioner is unrepresented at that time and cannot be expected to know how to properly allege the necessary facts." *Id.* at 794, 102 P.3d at 1113. Only if all of the claims alleged in the petition are frivolous may the court deny a request for counsel. *Id.* at 792, 102 P.3d at 1111; *Brown v. State*, 135 Idaho 676, 679, 23 P.3d 138, 141 (2001). If the court decides that the claims in the petition are frivolous, it should provide sufficient notice regarding the basis for its ruling to enable the petitioner to provide additional facts, if they exist, to demonstrate the existence of a non-frivolous claim. *Swader v. State*, 143 Idaho 651, 653-54, 152 P.3d 12, 15-16 (2007); *Charboneau*, 140 Idaho at 793, 102 P.3d at 1112.

The determination whether to appoint counsel and the determination whether a petition is subject to summary dismissal are thus controlled by quite different standards, with the threshold showing that is necessary in order to gain appointment of counsel being considerably lower than that which is necessary to avoid summary dismissal of a petition. *Id.* at 655, 152 P.3d at 16; *Plant*, 143 Idaho at 761, 152 P.3d at 632. Consequently, a district court presented with a request

3

for appointed counsel in a post-conviction action must address that request before ruling on the substantive issues in the case and errs if it denies a petition on the merits before ruling on the applicant's request for counsel. *See*, *e.g.*, *Charboneau*, 140 Idaho at 792-94, 102 P.3d at 1111-13; *Fox v. State*, 129 Idaho 881, 885, 934 P.2d 947, 951 (Ct. App. 1997); *Swisher v. State*, 129 Idaho 467, 469, 926 P.2d 1314, 1316 (Ct. App. 1996). Judd is thus correct in asserting that the district court committed error by failing to rule on his request for counsel before dismissing his petition. Additionally, the district court erred by apparently failing to apply the correct standard governing the request for appointed counsel. The order dismissing the petition and denying Judd's request for counsel did not articulate or address that standard.

The question next presented is whether these errors necessitate reversal of the dismissal order. Idaho appellate court decisions indicate that an order that simultaneously dismisses a post-conviction action and denies a motion for appointed counsel will be upheld on appeal if the petitioner received notice of the fatal deficiencies of the petition and if, when the standard governing a motion for appointment of counsel is correctly applied, the request for counsel would properly be denied--that is, when the petitioner did not allege facts raising even the possibility of a valid claim. *Workman v. State*, 144 Idaho 518, 529, 164 P.3d 798, 809 (2007); *Swader*, 143 Idaho at 653-55, 152 P.3d at 14-16; *Plant*, 143 Idaho at 760-63, 152 P.3d at 631-34; *Newman v. State*, 140 Idaho 491, 493-94, 95 P.3d 642, 644-45 (Ct. App. 2004).

Applying this standard, we first conclude that Judd's petition alleges facts to support cognizable claims of ineffective assistance of counsel. He alleges that his defense attorney was ineffective in failing to inform the court that Judd was seventeen years old at the time of his offense and that Judd "was not an Adult and not bound to Adult Courts [sic] that he was Sentenced under." If Judd was indeed a juvenile at the time of his offense and the prosecution did not initiate the proceeding in a juvenile court, it is possible that the district court obtained no subject matter jurisdiction in the criminal case. *See* I.C. § 18-216; I.C. §§ 20-508, -509; *In re Doe*, 147 Idaho 243, 248-49, 207 P.3d 974, 979-80 (2009). Judd's additional allegations that his counsel failed to file an appeal from the judgment of conviction as requested and failed to file a motion to reduce the sentence as requested also state cognizable claims of ineffective assistance of counsel. *See Roe v. Flores-Ortega*, 528 U.S. 470 (2000); *Goodwin v. State*, 138 Idaho 269, 272-73, 61 P.3d 626, 629-30 (Ct. App. 2002); *LaBelle v. State*, 130 Idaho 115, 119, 937 P.2d 427, 431 (Ct. App. 1997); *Hassett v. State*, 127 Idaho 313, 900 P.2d 221 (Ct. App. 1995); *Mata*

*v. State*, 124 Idaho 588, 591-93, 861 P.2d 1253, 1256-58 (Ct. App. 1993). Judd's petition was not dismissed for lack of substantive merit, however, but because it was filed outside the limitation period. Consequently, whether Judd has shown a possibility of a valid claim, and thus reversible error in the court's failure to appoint counsel, turns upon whether his petition or his response to the district court's notice of intent to dismiss for untimeliness alleges facts showing the possibility of a valid basis to toll the statute of limitation.

Resolution of this issue requires that we

examine [Judd's] application for post-conviction relief to determine whether it presents any colorably meritorious claim, the presentation of which might have been enhanced by the assistance of counsel. If so, the district court's omission to consider the request for counsel before dismissing [Judd's] action will require reversal. If, on the other hand, the claims are unquestionably barred by the statute of limitation, as the State urges and the district court found, then the court's failure to consider appointment of counsel could not have affected the outcome of the proceedings and must be viewed as harmless error.

*Swisher*, 129 Idaho at 469, 926 P.2d at 1316. When examining Judd's allegations, we bear in mind that pro se petitioners often require assistance in adequately asserting their meritorious claims. *Charboneau*, 140 Idaho at 792-93, 102 P.3d at 1111-12; *Brown*, 135 Idaho at 679, 23 P.3d at 141.

To date, Idaho appellate courts have recognized two circumstances where the statute of limitation for a post-conviction action may be equitably tolled--where the applicant was incarcerated in an out-of-state facility without legal representation or access to Idaho legal materials, *Martinez v. State*, 130 Idaho 530, 536, 944 P.2d 127, 133 (Ct. App. 1997), and where mental disease and/or psychotropic medication rendered the applicant incompetent and prevented him from pursuing earlier challenges to the conviction. *Sayas v. State*, 139 Idaho 957, 960, 88 P.3d 776, 779 (Ct. App. 2003); *Abbott v. State*, 129 Idaho 381, 385, 924 P.2d 1225, 1229 (Ct. App. 1996). In addition, at least in some circumstances the commencement of the limitation period may be delayed until the petitioner discovered the facts giving rise to the claim. In *Charboneau v. State*, 144 Idaho 900, 904-05, 174 P.3d 870, 874-75 (2008), the Idaho Supreme Court recognized that, at least where the post-conviction claim raises important due process issues, the limitation period may be postponed until the petitioner has discovered the factual basis for the claim.

Judd's only explanation for failure to file the post-conviction petition within the limitation period was presented in an affidavit filed in support of the petition and stated that he

5

"was not advised of" the failings of his defense attorney until meeting with another attorney in January 2007.[2] This claim that Judd did not discover or become aware that he could claim post-conviction relief because of his defense attorney's deficiencies does not state a basis to avoid the bar of the statute of limitation. It is apparent from Judd's allegations that the facts giving rise to his claims--the acts and omissions of his attorney--were known to him many years before this action was filed. It was only the legal theory that these facts might create a right to post-conviction relief that was allegedly discovered shortly before the petition was filed. A discovery exception to a statute of limitation applies only to the discovery of facts not discovery of the law. As we said in *Chapman v. State*, 128 Idaho 733, 735, 918 P.2d 602, 604 (Ct. App. 1996):

> [It] is the failure to discover facts, not the unawareness of legal theories, that may in some circumstances delay commencement of a limitation period. As stated by the Washington Supreme Court in *Allen v. State*, 118 Wash.2d 753, 826 P.2d 200, 203 (1992):
>
>> The key consideration under the discovery rule is the factual, not the legal, basis for the cause of action. The action accrues when the plaintiff knows or should know the relevant facts, whether or not the plaintiff also knows that these facts are enough to establish a legal cause of action. Were the rule otherwise, the discovery rule would postpone accrual in every case until the plaintiff consults an attorney.

*See also Swisher*, 129 Idaho at 470, 926 P.2d at 1317 (holding that there is no postponement of the statute of limitation for post-conviction actions until such time as the inmate discovers the law concerning the claim). Because Judd presented no facts giving rise to even the possibility of a claim that was not barred by the statute of limitation, the district court's failure to consider Judd's request for counsel and to apply the proper standard in ruling upon that request before summarily dismissing the petition was harmless error.

Accordingly, the district court's order dismissing Judd's petition for post-conviction relief and denying his request for counsel is affirmed.

Judge PERRY and Judge GUTIERREZ **CONCUR.**

---

[2]    Judd's subsequent response to the district court's notice of intent to dismiss the petition because it was barred by the statute of limitation did not address the untimeliness of the petition at all but, instead, restated facts upon which he based his claim that his defense attorney had provided ineffective assistance.