IN THE COURT OF APPEALS OF THE STATE OF IDAHO
Docket No. 40249

| | | |
|---|---|---|
| DENNIS E. ABBOTT, | ) | 2013 Unpublished Opinion No. 678 |
| | ) | |
| Petitioner-Appellant, | ) | Filed: September 23, 2013 |
| | ) | |
| v. | ) | Stephen W. Kenyon, Clerk |
| | ) | |
| STATE OF IDAHO, | ) | THIS IS AN UNPUBLISHED |
| | ) | OPINION AND SHALL NOT |
| Respondent. | ) | BE CITED AS AUTHORITY |
| | ) | |

Appeal from the District Court of the Fifth Judicial District, State of Idaho, Twin Falls County. Hon. G. Richard Bevan, District Judge.

Order summarily dismissing successive petition for post-conviction relief, affirmed.

Dennis E. Abbott, Boise, pro se appellant.

Hon. Lawrence G. Wasden, Attorney General; Russell J. Spencer, Deputy Attorney General, Boise, for respondent.
_____

GRATTON, Judge

Dennis E. Abbott appeals the summary dismissal of his successive petition for post-conviction relief.

## I.

## FACTUAL AND PROCEDURAL BACKGROUND

We reviewed Abbott's procedural history in *Abbott v. State*, Docket No. 26370 (Ct. App. 2001) (unpublished) (footnote omitted) (*Abbott II*):

In 1986, Abbott pled guilty to lewd conduct with a minor child under sixteen, I.C. § 18-1508, in Twin Falls County. *See Abbott v. State*, 129 Idaho 381, 924 P.2d 1225 (Ct. App. 1996) (herein also referred to as *Abbott* I). Abbott was initially sentenced to a term of life imprisonment, with the court retaining jurisdiction[, but Abbott's sentence was subsequently reduced to an indeterminate term of forty years]. In May 1995, Abbott filed a *pro se* petition for a writ of habeas corpus with the magistrate division of the Fourth Judicial District Court in Ada County. The petition challenged the validity of Abbott's conviction, in part, based on his allegation that he lacked the capacity to understand the proceedings

and to plead guilty due to mental disease and a psychotropic medication-- Thorazine. The magistrate's dismissal of Abbott's petition was affirmed on appeal on the ground of improper venue. *Id*. at 386, 924 P.2d at 1230.

On October 2, 1996, Abbott filed a *pro se* application for post-conviction relief. The state filed a motion to dismiss based upon the running of the statute of limitations, I.C. § 19-4902. The district court appointed counsel for Abbott, and an evidentiary hearing was held on the issue of whether mental incapacity prevented Abbott from filing his UPCPA application within the applicable statute of limitations. Following the hearing, the district court granted the state's motion to dismiss Abbott's application as time barred.

We affirmed the district court's dismissal in *Abbott II*. We reasoned that although Abbott's mental disease tolled the time requirement until March 1995, he thereafter failed to timely file once the effects of the mental disease ended.

On May 21, 2012, Abbott filed a successive petition for post-conviction relief. The district court gave notice of its intent to dismiss on June 8, 2012. More than twenty days later, on July 3, the district court summarily dismissed Abbott's successive petition for post-conviction relief as untimely. Abbott subsequently filed an amended petition on July 5, and the district court filed an amended dismissal. Abbott also filed a motion for reconsideration, which the district court denied. Abbott timely appealed.

## II.

## ANALYSIS

A petition for post-conviction relief initiates a civil, rather than criminal, proceeding governed by the Idaho Rules of Civil Procedure. I.C. § 19-4907; *State v. Yakovac*, 145 Idaho 437, 443, 180 P.3d 476, 482 (2008). *See also Pizzuto v. State*, 146 Idaho 720, 724, 202 P.3d 642, 646 (2008). Idaho Code § 19-4906 authorizes summary dismissal of a petition for post-conviction relief, either pursuant to motion of a party or upon the court's own initiative, if "it appears from the pleadings, depositions, answers to interrogatories, and admissions and agreements of facts, together with any affidavits submitted, that there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law." I.C. § 19-4906(c). When considering summary dismissal, the district court must construe disputed facts in the petitioner's favor, but the court is not required to accept either the petitioner's mere conclusory allegations, unsupported by admissible evidence, or the petitioner's conclusions of law. *State v. Payne*, 146 Idaho 548, 561, 199 P.3d 123, 136 (2008); *Roman v. State*, 125 Idaho 644, 647, 873 P.2d 898, 901 (Ct. App. 1994).

2

Our review of the district court's construction and application of the limitation statute is a matter of free review. *Kriebel v. State*, 148 Idaho 188, 190, 219 P.3d 1204, 1206 (Ct. App. 2009). The statute of limitation for post-conviction actions provides that a petition for post-conviction relief may be filed at any time within one year from the expiration of the time for appeal, or from the determination of appeal, or from the determination of a proceeding following an appeal, whichever is later. I.C. § 19-4902(a). The appeal referenced in that section means the appeal in the underlying criminal case. *Gonzalez v. State*, 139 Idaho 384, 385, 79 P.3d 743, 744 (Ct. App. 2003). The failure to file a timely petition is a basis for dismissal of the petition. *Kriebel*, 148 Idaho at 190, 219 P.3d at 1206.

Abbott contends the district court erred by dismissing his petition for post-conviction relief because his actual innocence and mental illness tolled the statute of limitations. Idaho appellate courts have recognized equitable tolling in post-conviction relief cases where the petitioner was incarcerated in an out-of-state facility without legal representation or access to Idaho legal materials, and where mental disease or psychotropic medication renders the petitioner incompetent and unable to timely file. *Judd v. State*, 148 Idaho 22, 25-26, 218 P.3d 1, 4-5 (Ct. App. 2009). In addition, in some circumstances commencement of the limitations period may be delayed until the petitioner discovers the facts giving rise to the claim. *Schultz v. State*, 151 Idaho 383, 386, 256 P.3d 791, 794 (Ct. App. 2011).

Abbott contends that his claim of actual innocence equitably tolls the time requirement of I.C. § 19-4902. Without deciding if actual innocence equitably tolls the statute of limitations, the Idaho Supreme Court has stated the standard of actual innocence: "the petitioner must show that it is more likely than not that no reasonable juror would have convicted him in the light of the new evidence." *Rhoades v. State*, 148 Idaho 247, 253, 220 P.3d 1066, 1072 (2009) (quoting *Schlup v. Delo*, 513 U.S. 298, 327 (1995)). Abbott's innocence claim is "that there never was any evidence collected before the trial; that there were no witnesses, no medical testing at all, and nobody to testify against him." Abbott has not only failed to produce new evidence undermining his guilty plea, he has produced no evidence at all. Abbott pled guilty on April 30, 1986. Abbott's mere claim that there was no evidence fails because he admitted to the crime through his guilty plea. Lacking any new evidence of his innocence, Abbott has failed to establish a prima facie case of actual innocence.

3

Further, Abbott failed to diligently pursue the alleged actual innocence claim. "In *Charboneau v. State*, 144 Idaho 900, 904-05, 174 P.3d 870, 874-75 (2007), the Idaho Supreme Court recognized that, at least where the post-conviction claim raises important due process issues, the limitations period may be postponed until the petitioner has discovered the factual basis for the claim." *Judd*, 148 Idaho at 26, 218 P.3d at 5. The basis for Abbott's innocence claim is that no evidence existed of his crime when he pled guilty. This alleged lack of evidence was available to Abbott upon pleading guilty. Although the time limitation was tolled until Abbott was deemed competent to bring a petition for post-conviction relief in 1995, there is no excuse to justify Abbott waiting seventeen years to assert his innocence argument.

In addition, Abbott once again contends his mental illness tolled the statute of limitations. Res judicata is an absolute bar to a subsequent action between the same parties upon the same claim when a valid final judgment is rendered on the merits by a court of competent jurisdiction. *Hindmarsh v. Mock*, 138 Idaho 92, 94, 57 P.3d 803, 805 (2002). The principles of res judicata apply when a petitioner attempts to raise the same issues previously ruled upon in a post-conviction relief appeal in a subsequent petition for post-conviction relief. *See Knutsen v. State*, 144 Idaho 433, 439, 163 P.3d 222, 228 (Ct. App. 2007). In Abbott's second successive petition for post-conviction relief, filed in October 1996, he argued his mental illness tolled the statute of limitations. The district court agreed that the mental illness was tolled until March 1995; however, the district court found the petition was still untimely because Abbott did not file within a year from when his mental condition ended. This Court affirmed the district court's order dismissing Abbott's petition as untimely in *Abbott II*. Abbott's renewed argument that his mental illness tolled the limitations period is barred under res judicata because he attempts to reassert the same issue already decided.

### III.

### CONCLUSION

The district court properly dismissed Abbott's successive petition for post-conviction relief as untimely. The district court's order summarily dismissing Abbott's successive petition for post-conviction relief is affirmed.

Chief Judge GUTIERREZ **CONCURS.**

Judge LANSING **CONCURS IN THE RESULT.**

4