# IN THE COURT OF APPEALS OF THE STATE OF IDAHO

## Docket No. 40089

| | | |
|---|---|---|
| RANDOLPH MARK SNOWBALL, aka MARK C. SNOWBALL, | ) ) ) | 2013 Unpublished Opinion No. 784 |
| Petitioner-Appellant, | ) ) ) | Filed: December 10, 2013 |
| v. | ) ) | Stephen W. Kenyon, Clerk |
| STATE OF IDAHO, | ) ) ) | THIS IS AN UNPUBLISHED OPINION AND SHALL NOT BE CITED AS AUTHORITY |
| Respondent. | ) ) ) | |

Appeal from the District Court of the Fourth Judicial District, State of Idaho, Ada County. Hon. Lynn G. Norton, District Judge.

Order summarily dismissing petition for post-conviction relief, affirmed.

Sara B. Thomas, State Appellate Public Defender; Justin M. Curtis, Deputy Appellate Public Defender, Boise, for appellant. Justin M. Curtis argued.

Hon. Lawrence G. Wasden, Attorney General; Russell J. Spencer, Deputy Attorney General, Boise, for respondent. Russell J. Spencer argued.

_____

GRATTON, Judge

Randolph Mark Snowball, a.k.a. Mark C. Snowball, appeals from the district court's order summarily dismissing his post-conviction petition. We affirm.

## I.

## FACTUAL AND PROCEDURAL BACKGROUND

Snowball was convicted upon a jury verdict of intimidating a witness, Idaho Code § 18-2604(3). The district court imposed a unified term of two and one-half years with one year determinate, to run consecutive to a separate sentence he was already serving. Snowball appealed and his sentence and conviction were affirmed in *State v. Snowball*, Docket No. 36214 (Ct. App. Nov. 5, 2010) (unpublished). The Idaho Supreme Court denied Snowball's petition for review and a remittitur was entered on February 14, 2010.

On February 15, 2011, Snowball filed a petition for post-conviction relief asserting, in part, that he was actually innocent of the crime. The State filed a motion to dismiss the petition

1

on the ground that the petition was untimely.  Snowball objected to the State's motion, arguing that his claim of actual innocence should entitle him to equitable tolling.  The district court, noting that actual innocence had not been established as a ground for equitable tolling, granted the State's motion to dismiss the petition on the ground that it was untimely.  Snowball timely appeals.

## II.

## ANALYSIS

Snowball argues that this Court should adopt actual innocence as a ground for tolling and remand this case to the district court for further proceedings.  A petition for post-conviction relief initiates a civil, rather than criminal, proceeding, governed by the Idaho Rules of Civil Procedure.  I.C. § 19-4907; *State v. Yakovac*, 145 Idaho 437, 443, 180 P.3d 476, 482 (2008).  *See also Pizzuto v. State*, 146 Idaho 720, 724, 202 P.3d 642, 646 (2008).  Idaho Code § 19-4906 authorizes summary dismissal of a petition for post-conviction relief, either pursuant to motion of a party or upon the court's own initiative, if "it appears from the pleadings, depositions, answers to interrogatories, and admissions and agreements of facts, together with any affidavits submitted, that there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law."  I.C. § 19-4906(c).  When considering summary dismissal, the district court must construe disputed facts in the petitioner's favor, but the court is not required to accept either the petitioner's mere conclusory allegations, unsupported by admissible evidence, or the petitioner's conclusions of law.  *State v. Payne*, 146 Idaho 548, 561, 199 P.3d 123, 136 (2008); *Roman v. State*, 125 Idaho 644, 647, 873 P.2d 898, 901 (Ct. App. 1994).

Our review of the district court's construction and application of the limitations statute is a matter of free review.  *Kriebel v. State*, 148 Idaho 188, 190, 219 P.3d 1204, 1206 (Ct. App. 2009).  The statute of limitations for post-conviction actions provides that a petition for post-conviction relief may be filed at any time within one year from the expiration of the time for appeal, or from the determination of appeal, or from the determination of a proceeding following an appeal, whichever is later.  I.C. § 19-4902(a).  The appeal referenced in that section means the appeal in the underlying criminal case.  *Gonzalez v. State*, 139 Idaho 384, 385, 79 P.3d 743, 744 (Ct. App. 2003).  The failure to file a timely petition is a basis for dismissal of the petition.  *Kriebel*, 148 Idaho at 190, 219 P.3d at 1206.

2

Snowball first contends that this Court should recognize a substantive freestanding actual innocence cause of action, which would not require the timely filing of a petition for post-conviction relief.[1]  Alternatively, he contends that this Court should adopt actual innocence as a tolling mechanism to allow a procedurally-barred petition, such as an untimely petition, to be litigated on its merits if the petitioner can show actual innocence.  He asserts that an actual innocence tolling exception to the statute of limitations is needed in order to prevent the injustice that occurs when an innocent person is barred from litigating a claim simply because the petition is filed late.  The State first contends that even if a claim of actual innocence could give rise to equitable tolling, the petitioner would still be required to demonstrate that the circumstances of the actual innocence claim prevented the timely filing of the petition.  The State also argues that an actual innocence exception would not be applicable to Snowball's petition because he is unable to demonstrate a claim of actual innocence.  We agree with the State.

Idaho appellate courts have recognized equitable tolling in post-conviction relief cases where the petitioner was incarcerated in an out-of-state facility without legal representation or access to Idaho legal materials, and where mental disease or psychotropic medication renders the petitioner incompetent and unable to timely file. *Judd v. State*, 148 Idaho 22, 25-26, 218 P.3d 1, 4-5 (Ct. App. 2009).  In addition, in some circumstances commencement of the limitations period may be delayed until the petitioner discovers the facts giving rise to the claim. *Schultz v. State*, 151 Idaho 383, 386, 256 P.3d 791, 794 (Ct. App. 2011).  "In *Charboneau v. State*, 144 Idaho 900, 904-05, 174 P.3d 870, 874-75 (2007), the Idaho Supreme Court recognized that, at least where the post-conviction claim raises important due process issues, the limitations period may be postponed until the petitioner has discovered the factual basis for the claim." *Judd*, 148 Idaho at 26, 218 P.3d at 5.  The appellate courts, however, "have not permitted equitable tolling

[1]     Snowball points to *Schlup v. Delo*, 513 U.S. 298 (1995), to support his request for a freestanding actual innocence claim.  However, *Schlup*, referring to federal habeas corpus proceedings, specifically states that a "claim of innocence does not by itself provide a basis for relief." *Id.* at 315.  Further, in *House v. Bell*, 547 U.S. 518, 554-55, (2006) the United States Supreme Court declined to address whether a freestanding actual innocence claim was possible in a federal habeas corpus proceeding.  Likewise, the Idaho Supreme Court and this Court have never held that a freestanding actual innocence claim exists in Idaho.  Indeed, when presented with this issue in *Rhoades v. State*, 148 Idaho 247, 220 P.3d 1066 (2009), the Idaho Supreme Court declined to address it. *Id.* at 253, 220 P.3d at 1072.  Accordingly, we do not address the possibility of a substantive freestanding actual innocence claim in post-conviction proceedings.

where the post-conviction petitioner's own lack of diligence caused or contributed to the untimeliness of the petition. Rather, in cases where equitable tolling was allowed, the petitioner was alleged to have been unable to timely file a petition due to extraordinary circumstances beyond his effective control, or the facts underlying the claim were hidden from the petitioner by unlawful state action." *Amboh v. State*, 149 Idaho 650, 653, 239 P.3d 448, 451 (Ct. App. 2010) (citations omitted).

In regard to Snowball's contention that this Court should hold that an actual innocence claim will toll the statute of limitations, Snowball points to *Schlup v. Delo*, 513 U.S. 298 (1995) for guidance. In *Schlup*, the United States Supreme Court stated that, in federal habeas corpus proceedings, an actual innocence claim could allow the litigation of a procedurally-barred constitutional claim.[2] *Id.* at 314-15. The Idaho Supreme Court recognized *Schlup's* procedural exception in *Fields v. State*, 151 Idaho 18, 253 P.3d 692 (2011), yet the Court stated it was error to rely on the exception in a state post-conviction claim:

> The Supreme Court in *Schlup* and *House* [*v. Bell*, 547 U.S. 518, 554-55, (2006)] was addressing the showing required for a federal habeas petitioner to avoid a procedural bar to the consideration of his constitutional claims. The Court was not setting forth a requirement applicable to state claims for post-conviction relief. Neither case has any application to these proceedings, and the district court erred in relying upon them.

*Fields*, 151 Idaho at 22, 252 P.3d at 696.

Moreover, we decline to determine whether a claim of actual innocence may toll the statute of limitations in Idaho. Under any proposed standard suggested by Snowball, his claim of actual innocence would fail. Snowball points to *Schlup* to support his contention that a prima facie showing of actual innocence is accomplished if the petitioner shows that it is more likely than not that no reasonable juror would have convicted the petitioner in light of the new evidence. *Schlup*, 513 U.S. at 327. For clarity, no Idaho court has determined the standard for establishing actual innocence; indeed, no Idaho court has even established the existence of an

---

[2] Specifically, the Supreme Court stated that a procedurally-barred habeas corpus petition alleging a constitutional violation could be litigated if the petitioner provided new reliable evidence not presented at trial that met the required standard of proof demonstrating the petitioner's innocence, and if the constitutional violation resulted in the conviction of the petitioner. *Schlup*, 513 U.S. at 322-24.

actual innocence exception.[3] Nonetheless, even if the *Schlup* standard were to be applied as Snowball proposes, he would still be unable to establish his claim.

In the underlying criminal case, Snowball was convicted of intimidating a witness based on a letter he sent to the victim of his pending domestic battery charge. The letter stated, in pertinent part:

> They are also putting out a subpoena for you to come testify at court. However, they MUST <u>hand</u> serve you with the subpoena. If they cannot hand serve you then the charges will get dropped. If they <u>do</u> hand serve you with a copy of that subpoena then you will have to come to court and testify or they will put a warrant out for your arrest. The best two options you have are to not answer thier [sic] calls so they cannot hand serve you, OR if they do hand serve you, come to court and testify to the fact that I didn't do anything. You will have to tell them that I did not assault you, and that you wrote that statement against me because you were angry. My public defender said you didn't want anything to do with me. I had to prove her wrong so I told her that you have been comming [sic] to visit me. I thought it was wierd [sic] you didn't come visit me this week so I thought I would write you this letter. If they force you to come to court I hope you do the right thing and tell them I didn't do anything, otherwise we will probably not be seeing each other anymore.

In his petition, Snowball claimed that he is actually innocent of intimidating a witness because his letter was only responding to questions the victim asked him and he was not trying to influence her in any way. Thus, Snowball argues his letter was instructive rather than intimidating. To support his claim, Snowball submitted to the district court his own affidavit, the affidavit of the victim, and the affidavit of an inmate. In his own affidavit, Snowball stated that the victim repeatedly visited him in jail and wrote him letters. The affidavit also stated that the victim asked Snowball "how to avoid having to come to court" because she was "afraid and did not want to get in trouble for lying." In the victim's affidavit, the victim stated that she falsely accused Snowball of domestic battery; that she visited and wrote letters to Snowball while he was in jail; that she was afraid to testify in court because she had lied to police officers; that she asked Snowball how to avoid testifying at court; and that the letter Snowball sent her was at her request and did not influence or intimidate her. The inmate stated in his affidavit that Snowball

---

[3] We note that the *Rhoades* Court quoted the actual innocence standard enunciated in *Schlup*, nonetheless, the Court did not hold that that standard would be applicable if an actual innocence exception were ever adopted in Idaho. Additionally, the issue in *Rhoades* was whether a freestanding actual innocence exception should be adopted, not whether to apply a procedural tolling actual innocence exception.

told him that the victim wanted to know how to avoid going to court; that the inmate told Snowball to instruct the victim on how to avoid her subpoena; that he read the letter Snowball sent to the victim; and that the letter was limited to answering the victim's questions and did not intend to intimidate her. Based on the foregoing, Snowball claims on appeal that his petition should be tolled because he established a prima facie showing of actual innocence by proving that there was a noncriminal reason to send the letter.

The State asserts that, even if the information in the affidavits were accepted as truth, Snowball still failed to establish actual innocence because the crime of intimidating a witness does not require a defendant to prevent a witness from testifying by subjectively intimidating that witness. The district court, although dismissing the petition because it was untimely, stated that, "The court has reviewed the affidavits of Mark Snowball and [the victim]. The court is not convinced that any juror, acting reasonably and considering the testimony in these new affidavits, could not still find him guilty beyond a reasonable doubt."

Pursuant to Idaho Code § 18-2604(3), the crime of intimidating a witness is accomplished when:

> Any person who, by direct or indirect force, or by any threats to person or property, or by any manner wilfully intimidates, influences, impedes, deters, threatens, harasses, obstructs or prevents, a witness, including a child witness, or any person who may be called as a witness or any person he believes may be called as a witness in any criminal proceeding or juvenile evidentiary hearing from testifying freely, fully and truthfully in that criminal proceeding or juvenile evidentiary hearing is guilty of a felony.

Snowball's letter contained two instructions.[4] First, the letter instructed the victim to avoid being served with the subpoena so she would not be required to testify. Second, the letter instructed her that if she did testify, she should testify that he did not do anything to her and that she wrote the statements against him because she was angry. Certainly, it could be found that the instructions in Snowball's letter sought to "deter" or "prevent" the victim from testifying, or in the alternative, to "influence" the content of the victim's testimony. Even if the victim truly asked Snowball how to avoid testifying against him, Snowball willfully responded in a manner

---

[4]    Snowball does not contest that he was the author of the letter. Indeed, Snowball admitted to prison authorities that he wrote the letter.

6

that violated I.C. § 18-2604.[5]  Additionally, whether the letter actually prevented the victim's testimony or influenced the victim's testimony is irrelevant.  *State v. Mercer*, 143 Idaho 108, 109-10, 138 P.3d 308, 309-10 (2006) ("it is unnecessary for the defendant's threats to have an actual effect on the witness's testimony").  Therefore, even considering the affidavits of Snowball, the victim, and the inmate as truth, Snowball has failed to establish a prima facie showing of actual innocence.[6]

Therefore, we need not address whether due process requires an actual innocence claim to toll the statute of limitations, I.C. § 19-4902, because Snowball failed to establish a prima facie showing that he is actually innocent under any proposed standard.[7]  Snowball has failed to articulate any other justification for equitably tolling his petition for post-conviction relief. Accordingly, his petition was untimely and the district court did not err in summarily dismissing it.

### III.

### CONCLUSION

Snowball has failed to demonstrate reversible error.  Accordingly, the district court's order summarily dismissing his petition for post-conviction relief is affirmed.

Judge LANSING and Judge MELANSON **CONCUR.**

---

[5]  We note that Snowball's contact with the victim was also in violation of a no-contact order.

[6]  Further, even if the statute of limitations were tolled pursuant to an actual innocence claim, there is no indication that the Idaho Supreme Court or this Court would abandon the long-standing rule that a claim must be diligently pursued in order to be entitled to equitable tolling. Snowball asserts that he was unable to timely file his petition because he was employed, lived for six months in a halfway house, and he had no access to the law library and only limited access to the Internet.  However, those facts are not sufficient to demonstrate diligence or an inability to timely file.  In fact, Snowball can make no demonstration of diligent pursuit as all of the alleged facts upon which he claims innocence were known and available prior to trial, let alone within one year of the completion of his direct appeal.  Snowball makes no assertion that the evidence allegedly supporting his innocence claim was unknown or unavailable so as to in any way impede or prevent the timely filing of his petition.

[7]  Further, we do not hold that the UPCPA provides for a cause of action based on actual innocence.