# IN THE COURT OF APPEALS OF THE STATE OF IDAHO

## Docket No. 42568

| | | |
|---|---|---|
| WILLIAM J. FLETCHER, | ) | 2015 Unpublished Opinion No. 582 |
| | ) | |
| Petitioner-Appellant, | ) | Filed: August 6, 2015 |
| | ) | |
| v. | ) | Stephen W. Kenyon, Clerk |
| | ) | |
| STATE OF IDAHO, | ) | THIS IS AN UNPUBLISHED |
| | ) | OPINION AND SHALL NOT |
| Respondent. | ) | BE CITED AS AUTHORITY |
| | ) | |

Appeal from the District Court of the Fourth Judicial District, State of Idaho, Ada County. Hon. Jason D. Scott, District Judge.

Judgment summarily dismissing petition for post-conviction relief, <u>affirmed</u>.

Sara B. Thomas, State Appellate Public Defender; Ben P. McGreevy, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Russell J. Spencer, Deputy Attorney General, Boise, for respondent.

_____

MELANSON, Chief Judge

William J. Fletcher appeals from the district court's judgment summarily dismissing his petition for post-conviction relief. He argues that the district court erred by denying his motion for appointment of counsel. For the reasons set forth below, we affirm.

## I.

## FACTS AND PROCEDURE

Pursuant to a plea agreement, Fletcher entered an *Alford*[1] plea to felony injury to a child, I.C. § 18-1501(1), which was amended from the original grand jury indictment of two counts of lewd conduct with a minor child under the age of sixteen. The indictment stemmed from

_____

[1]    *See North Carolina v. Alford*, 400 U.S. 25 (1970).

1

conduct Fletcher engaged in with his stepdaughter when she was between five and eight years old. The district court sentenced Fletcher to a unified term of ten years, with a minimum period of confinement of three years, and retained jurisdiction. Following the retained jurisdiction period, the district court relinquished jurisdiction.

Fletcher subsequently filed a petition for post-conviction relief and motion for appointment of counsel. In his petition, Fletcher alleged counsel was ineffective by failing to adequately investigate and negotiate a better plea deal; that his sentence is excessive; that there was racial prejudice in his arrest and conviction; and that his guilty plea was not knowing, intelligent, or voluntary because his counsel persuaded him that racial prejudice in the community would prevent him from receiving a fair trial. The state filed an answer and motion for summary dismissal, arguing that Fletcher's claims were conclusory, contradicted by the record, and unsupported by admissible evidence. The district court issued notice of its intent to summarily dismiss Fletcher's petition and deny his motion for appointment of counsel based on his failure to provide a factual basis for his claims or to raise even the possibility of a valid claim. The district court gave Fletcher twenty days to respond, after which it denied his motion for appointment of counsel and summarily dismissed his petition. Fletcher then filed a motion to amend the judgment, which was also denied. Fletcher appeals.

## II.

## STANDARD OF REVIEW

If a post-conviction petitioner is unable to pay for the expenses of representation, the trial court may appoint counsel to represent the petitioner in preparing the petition in the trial court and on appeal. I.C. § 19-4904. The decision to grant or deny a request for court-appointed counsel lies within the discretion of the district court. *Charboneau v. State*, 140 Idaho 789, 792, 102 P.3d 1008, 1111 (2004).

In deciding whether to appoint counsel pursuant to Section 19-4904, the district court should determine if the petitioner is able to afford counsel and whether the situation is one in which counsel should be appointed to assist the petitioner. *Charboneau*, 140 Idaho at 793, 102 P.3d at 1112. In its analysis, the district court should consider that petitions filed by a pro se petitioner may be conclusory and incomplete and should draw every inference in the petitioner's favor. *See id*. at 792-93, 102 P.3d at 1111-12. Facts sufficient to state a claim may not be

2

alleged because they do not exist or because the pro se petitioner does not know the essential elements of a claim. *Id.* Some claims are so patently frivolous that they could not be developed into viable claims even with the assistance of counsel. *Newman v. State*, 140 Idaho 491, 493, 95 P.3d 642, 644 (Ct. App. 2004). However, if a petitioner alleges facts that raise the possibility of a valid claim, the district court should appoint counsel in order to give the petitioner an opportunity to work with counsel and properly allege the necessary supporting facts. *Charboneau*, 140 Idaho at 793, 102 P.3d at 1112. In deciding whether the pro se petition raises the possibility of a valid claim, the trial court should consider whether the facts alleged are such that a reasonable person with adequate means would be willing to retain counsel at his or her own expense to conduct a further investigation into the claims. *Swader v. State*, 143 Idaho 651, 654, 152 P.3d 12, 15 (2007).

**III.**

**ANALYSIS**

On appeal, Fletcher only challenges the district court's failure to grant Fletcher's motion to appoint counsel with regard to his claim that his trial counsel's advice prevented his guilty plea from being knowing, intelligent, and voluntary. He contends that he raised the possibility of a valid claim by alleging that his attorney advised him that he would be automatically convicted if he went to trial based on where he was, which he interpreted to mean that he, an African-American man, could not get a fair trial in Idaho due to racial prejudice. Thus, he asserts counsel should have been appointed to help him further develop the claim that ineffective assistance of counsel prevented his guilty plea from being knowing, intelligent, and voluntary.[2]

---

[2] Fletcher argues that the district court applied the higher summary dismissal standard when denying his motion for appointment of counsel based on its reference to Fletcher's failure to "establish a reasonable probability" that he would not have entered the guilty plea absent his trial counsel's alleged error. This claim is meritless. Immediately preceding the challenged language, the district court stated that Fletcher's allegations were "insufficient to warrant even the appointment of counsel, much less to state a claim that is fit to avoid summary dismissal." The challenged statement was then made in the context of noting that Fletcher had failed to allege the elements of a claim of ineffective assistance of counsel or facts that, if true, might meet those elements. The district court then concluded that Fletcher's allegations were "insufficient to either warrant the appointment of counsel or avoid summary dismissal." There is nothing in the record that supports Fletcher's claim that the district court applied the incorrect standard in denying his motion for appointment of counsel. Moreover, as Fletcher

3

A claim of ineffective assistance of counsel may properly be brought under the post-conviction procedure act. *Murray*, 121 Idaho at 924-25, 828 P.2d at 1329-30. To prevail on an ineffective assistance of counsel claim, the defendant must show that the attorney's performance was deficient and that the defendant was prejudiced by the deficiency. *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984); *Hassett v. State*, 127 Idaho 313, 316, 900 P.2d 221, 224 (Ct. App. 1995). To establish a deficiency, the petitioner has the burden of showing that the attorney's representation fell below an objective standard of reasonableness. *Aragon v. State*, 114 Idaho 758, 760, 760 P.2d 1174, 1176 (1988). To establish prejudice, the petitioner must show a reasonable probability that, but for the attorney's deficient performance, the outcome of the trial would have been different. *Id.* at 761, 760 P.2d at 1177. This Court has long adhered to the proposition that tactical or strategic decisions of trial counsel will not be second-guessed on appeal unless those decisions are based on inadequate preparation, ignorance of relevant law, or other shortcomings capable of objective evaluation. *Howard v. State*, 126 Idaho 231, 233, 880 P.2d 261, 263 (Ct. App. 1994).

Ineffective assistance constituting "serious derelictions" on counsel's part may prevent a defendant's guilty plea from being knowing, intelligent, and voluntary. *McMann v. Richardson*, 397 U.S. 759, 774 (1970). However, that a guilty plea must be intelligently made does not require that all of trial counsel's advice withstand retrospective examination in a post-conviction hearing. *Id.* at 770. Instead, the determination that a plea is entered knowingly, intelligently, and voluntarily involves a three-part inquiry: (1) whether the defendant's plea was voluntary in the sense that he or she understood the nature of the charges and was not coerced; (2) whether the defendant knowingly and intelligently waived his or her rights to a jury trial, to confront his or her accusers, and to refrain from self-incrimination; and (3) whether the defendant understood the consequences of pleading guilty. *Workman v. State*, 144 Idaho 518, 527, 164 P.3d 798, 807 (2007). When challenging the voluntariness of a guilty plea on the basis of ineffective assistance

---

acknowledges, we examine de novo whether the possibility of a valid claim exists before determining whether any error in failing to appoint counsel requires remand. *See Melton v. State*, 148 Idaho 339, 342, 223 P.3d 281, 284 (2009); *Judd v. State*, 148 Idaho 22, 25, 218 P.3d 1, 4 (Ct. App. 2009). Thus, any alleged error in this regard would not have warranted reversal, as it did not affect Fletcher's substantial rights.

of counsel, the petitioner must show that trial counsel's advice was not within the range of competence demanded of attorneys in criminal cases. *See Hill v. Lockhart*, 474 U.S. 52, 56 (1985); *McMann*, 397 U.S. at 771; *Dunlap v. State*, 141 Idaho 50, 60, 106 P.3d 376, 386 (2004); *State v. Dye*, 124 Idaho 250, 258, 858 P.2d 789, 797 (Ct. App. 1993).

Fletcher contends that his trial counsel's implication that racial prejudice would determine a jury verdict is sufficient to prevent his guilty plea from being knowing, intelligent, and voluntary. For support, he cites *Thomas v. Lockhart*, 738 F.2d 304 (8th Cir. 1984). In *Thomas*, the Eighth Circuit Court of Appeals affirmed a district court's conclusion in a habeas corpus proceeding that the petitioner had been denied effective assistance of counsel because, among other things, counsel gave the defendant (an African-American man) and his family the impression that his trial would be futile because of racial prejudice. *Id.* at 306-07. That case is readily distinguishable from the circumstances alleged here. The *Thomas* Court noted the extensive and explicit statements regarding racial prejudice, including that the petitioner would have to prove his innocence and that a jury would never believe an African-American man's testimony over that of a Caucasian victim. *Id.* at 306-07, 309. Here, the alleged comments were neither extensive nor explicit. On the contrary, Fletcher alleges only two instances in which his trial counsel stated that a trial would be futile because Fletcher would be convicted. According to Fletcher, he asked counsel why he should take the plea offered by the state despite his claim of innocence, to which his counsel allegedly responded that Fletcher was looking at a life sentence, that the jury would usually believe what the child says, that it had happened before, and that he was in Idaho. Sometime later, Fletcher claims his trial counsel told Fletcher he would be automatically convicted if he went to trial. When he asked why, Fletcher's attorney allegedly told him to look at where he was--Idaho. He interpreted these comments to mean that he could not receive a fair trial due to purported racial prejudice in the local community.[3] Even assuming that his attorney made these comments, the context in which they were made differs substantially

---

[3]     We note the significant difficulty presented by Fletcher's reliance on his interpretation of what the alleged comments meant. Indeed, the comments could be interpreted to mean that the surrounding community, based on prevailing moral views, has a low tolerance for claims of sexual abuse of minor children, making a trial unwise. Such advice would not constitute ineffective assistance of counsel or otherwise render a guilty plea unknowing, unintelligent, or involuntary.

from the time and circumstances of 1984 Arkansas in *Thomas*. Fletcher has not alleged otherwise and has made no effort to show that his interpretation of these vague comments and reliance thereon was reasonable. Indeed, Fletcher has provided no factual or legal basis to suggest that his interpretation of the advice prevented his guilty plea from being knowing, intelligent, and voluntary. He has also not alleged that his trial counsel repeatedly pressured and persuaded Fletcher to plead guilty on the basis of pervasive racial prejudice in the community, nor was there any indication that Fletcher's trial counsel held any racial bias against Fletcher or minorities in general, both of which were critical to the Eighth Circuit's holding in *Thomas*.

We conclude that such a vague comment is insufficient on its own to show that a guilty plea was not knowing, intelligent, and voluntary. To hold otherwise would allow appointment of counsel in post-conviction proceedings anytime a petitioner alleged an unsupported, bare claim that trial counsel made veiled and unsubstantiated allusions to the prevalence of racial prejudice in the community. Although comments by trial counsel rising to the level of those found in *Thomas* might, under similar circumstances, establish ineffective assistance of counsel sufficient to make a guilty plea involuntary, this case does not involve such comments or circumstances. As a result, we are not persuaded by *Thomas* or the cases that cite to it.

Moreover, Fletcher's claim that his guilty plea was not knowing, intelligent, and voluntary is contradicted by the record. Prior to the change of plea hearing, Fletcher filled out a guilty plea advisory form in which he acknowledged, among other things, that his counsel had done everything he asked her to do. At the change of plea hearing, Fletcher stated that he understood the charge against him, the nature of the plea agreement, the penalty he faced, and the rights he was forfeiting. He further acknowledged that he was satisfied with his attorney's representation. We conclude that, under the circumstances present in this case, a reasonable person with adequate means would not be willing to retain counsel at his or her own expense to conduct a further investigation into this claim. Even with the assistance of counsel, there is no possibility that Fletcher's vague assertion could be developed into a valid claim.

## IV.
## CONCLUSION

Fletcher has failed to show that the district court erred in denying Fletcher's motion for appointment of counsel. Accordingly, the district court's judgment summarily dismissing

Fletcher's petition for post-conviction relief is affirmed.  No costs or attorney fees are awarded on appeal.

Judge GUTIERREZ and Judge GRATTON, **CONCUR**.