IN THE COURT OF APPEALS OF THE STATE OF IDAHO
Docket No. 46239

JIMMIE O'NEAL,

    Petitioner-Appellant,

v.

STATE OF IDAHO,

    Respondent.

)
)
)
)
)
)
)
)
)
)
)
)
)

Filed: August 5, 2019

Karel A. Lehrman, Clerk

THIS IS AN UNPUBLISHED
OPINION AND SHALL NOT
BE CITED AS AUTHORITY

Appeal from the District Court of the Fifth Judicial District, State of Idaho, Gooding County. Hon. Eric J. Wildman, District Judge.

Judgment of the district court summarily dismissing petition for post-conviction relief, affirmed.

Eric D. Fredericksen, State Appellate Public Defender; Sally J. Cooley, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Kenneth K. Jorgensen, Deputy Attorney General, Boise, for respondent.

_____

GRATTON, Chief Judge

Jimmie O'Neal appeals from the district court's judgment summarily dismissing his petition for post-conviction relief. O'Neal argues that the district court erred in (1) denying his motion for appointment of counsel, and (2) summarily dismissing one of his post-conviction claims. For the reasons set forth below, we affirm.

**I.**

**FACTUAL AND PROCEDURAL BACKGROUND**

In 2016, O'Neal was charged with second degree murder after he shot his son-in-law in the course of a family dispute. Pursuant to a plea agreement, O'Neal pled guilty to voluntary manslaughter, Idaho Code § 18-4006(1). The district court sentenced O'Neal to a unified term of twelve years with six years determinate. O'Neal filed a direct appeal arguing that the district court erred in imposing his sentence. In an unpublished opinion, this Court affirmed O'Neal's

1

judgment of conviction and sentence. *State v. O'Neal*, Docket No. 45172, (Ct. App. Jan. 17, 2018). In 2018, O'Neal filed a pro se petition for post-conviction relief. As relevant to his appeal, O'Neal alleged that he was not "allowed a MRI or told he could obtain one at the County[']s Expense to see if his Heart Attack had any effect on the way he processed thought and actions, let alone Gray Matter O[b]struction." In addition, O'Neal stated that he was moving for a "CONFIDENTIAL NEUROPSYCHOLOGICAL EXAMINATION AT PUBLIC EXPENSE" and requested the appointment of counsel.

The district court filed a notice of intent to dismiss the petition stating:

> As an initial matter, Petitioner does not assert this claim in the context of ineffective assistance of counsel. Petitioner previously appealed the sentence in this case. To the extent this issue could have been raised on appeal but was not, the issue is waived for purposes of post-conviction relief. I.C. § 19-4901(b). Petitioner could have raised this issue on appeal but did not so it [is] therefore waived for purposes of post-conviction relief.
> Nonetheless, in the context of an ineffective assistance of counsel claim, Petitioner does not allege how the outcome of [the] proceeding would have been different had the Court ordered a neuropsychological examination. Petitioner does not allege that he has a mental condition other than what was addressed in the mental health review included in the presentence investigation report. Rather, Petitioner merely asserts that the Court failed to order an evaluation to determine whether or not he had a mental condition that would affect his behavior.

Next, the district court cited the standard for appointment of counsel and denied O'Neal's request concluding that "Petitioner's claims are frivolous and without merit. The appointment of counsel in this case would serve no useful purpose." In response to the court's notice, O'Neal filed an objection arguing that it would "BETTER SERVE THE ENDS OF JUSTICE TO ALLOW AN MRI TO SEE HOW MUCH IF ANY BRAIN DAMAGE WAS DONE FROM THE RESULT OF A PRIOR MAJOR HEA[R]T ATTACK . . . ." Thereafter, the district court dismissed O'Neal's petition finding that his claims were frivolous and without merit. O'Neal timely appeals.

## II.

## ANALYSIS

First, O'Neal claims that the district court abused its discretion in denying his motion for appointment of counsel because his petition for post-conviction relief raised the possibility of a valid claim. Second, O'Neal claims that the district court erred in summarily dismissing his petition because he presented prima facie evidence that his trial counsel was ineffective.

2

Because our decision on O'Neal's first claim is determinative of this appeal, we will only address O'Neal's contention that the district court erred in failing to appoint post-conviction counsel. *See Judd v. State*, 148 Idaho 22, 24-25, 218 P.3d 1, 3-4 (Ct. App. 2009).

If a post-conviction petitioner is unable to pay for the expenses of representation, the trial court may appoint counsel to represent the petitioner in preparing the petition in the trial court and on appeal. I.C. § 19-4904. The decision to grant or deny a request for court-appointed counsel lies within the discretion of the district court. *Grant v. State*, 156 Idaho 598, 603, 329 P.3d 380, 385 (Ct. App. 2014). When a district court is presented with a request for appointed counsel, the court must address this request before ruling on the substantive issues in the case. *Id*. The district court abuses its discretion where it fails to determine whether a petitioner for post-conviction relief is entitled to court-appointed counsel before denying the petition on the merits. *Id*.

In determining whether to appoint counsel pursuant to I.C. § 19-4904, the district court should determine if the petitioner is able to afford counsel and whether the situation is one in which counsel should be appointed to assist the petitioner. *Grant*, 156 Idaho at 603, 329 P.3d at 385. In its analysis, the district court should consider that petitions filed by a pro se petitioner may be conclusory and incomplete. *Id*. Facts sufficient to state a claim may not be alleged because they do not exist or because the pro se petitioner does not know the essential elements of a claim. *Id.* Some claims are so patently frivolous that they could not be developed into viable claims even with the assistance of counsel. *Newman v. State*, 140 Idaho 491, 493, 95 P.3d 642, 644 (Ct. App. 2004). However, if a petitioner alleges facts that raise the possibility of a valid claim, the district court should appoint counsel in order to give the petitioner an opportunity to work with counsel and properly allege the necessary supporting facts. *Grant*, 156 Idaho at 603, 329 P.3d at 385. In order to assess whether O'Neal has presented the possibility of a valid claim, we turn our analysis to the requirements for showing that trial counsel was ineffective.

A claim of ineffective assistance of counsel may properly be brought under the Uniform Post-Conviction Procedure Act. *Barcella v. State*, 148 Idaho 469, 477, 224 P.3d 536, 544 (Ct. App. 2009). To prevail on an ineffective assistance of counsel claim, the petitioner must show that the attorney's performance was deficient and that the petitioner was prejudiced by the deficiency. *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984); *Self v. State*, 145 Idaho 578, 580, 181 P.3d 504, 506 (Ct. App. 2007). To establish a deficiency, the petitioner has the burden

3

of showing that the attorney's representation fell below an objective standard of reasonableness. *Aragon v. State*, 114 Idaho 758, 760, 760 P.2d 1174, 1176 (1988); *Knutsen v. State*, 144 Idaho 433, 442, 163 P.3d 222, 231 (Ct. App. 2007). Where, as here, the petitioner was convicted upon a guilty plea, to satisfy the prejudice element, the petitioner must show that there is a reasonable probability that, but for counsel's errors, he or she would not have pled guilty and would have insisted on going to trial. *Plant v. State*, 143 Idaho 758, 762, 152 P.3d 629, 633 (Ct. App. 2006). This Court has long adhered to the proposition that tactical or strategic decisions of trial counsel will not be second-guessed on appeal unless those decisions are based on inadequate preparation, ignorance of relevant law, or other shortcomings capable of objective evaluation. *Gonzales v. State*, 151 Idaho 168, 172, 254 P.3d 69, 73 (Ct. App. 2011).

On appeal, O'Neal asserts that he alleged the possibility of a valid claim that his trial counsel was ineffective for failing to request a neuropsychological evaluation and an MRI. Specifically, O'Neal argues on appeal that his trial counsel's performance was deficient because "his counsel was, or should have been, aware of a need to more fully investigate [his] mental/cognitive condition after his 2015 open-heart surgery" because he "was a 62-year-old man, with no history of violence, and no criminal history whatsoever, who could not articulate how he had shot a man" thus, "counsel should have been alerted that Mr. O'Neal may have mental issues." In addition, O'Neal argues on appeal that he was prejudiced because the neuropsychological evaluation and the MRI may have shown cognitive impairment and such evidence of cognitive impairment may have been a mitigating factor which would have affected the outcome of his sentencing.

In response, the State argues that the district court did not err in failing to appoint counsel because O'Neal did not present the possibility of a valid claim. In specific, the State claims that

> counsel was not deficient in not bringing an entirely speculative motion for an MRI and neuropsychological examination; there is no reason to believe such a speculative motion would have been granted; even if granted, it is sheer speculation to believe the evaluations would have shown brain damage; and even if the evaluations would have shown brain damage the argument that such evidence--that O'Neal is violent *because of permanent brain damage*--is mitigating and would have resulted in a lesser sentence is itself frivolous.

We agree with the State. After a review of the record, we conclude that O'Neal failed to allege the possibility of a valid claim that counsel was ineffective for failing to obtain an MRI and neuropsychological evaluation. In his petition, O'Neal fails to present facts supporting

4

either element of a valid ineffective assistance of counsel claim. First, O'Neal has failed to show the possibility that his counsel's performance was deficient. O'Neal did not present any facts supporting an argument that his trial counsel's performance fell below an objective standard of reasonableness. In addition, there is no information in the record which would have alerted an objectively reasonable attorney to investigate or present evidence concerning O'Neal's mental condition based on a heart attack that he suffered a year prior to the shooting. Therefore, assistance from post-conviction counsel would not have aided O'Neal in showing that his trial counsel was deficient.

Second, O'Neal has failed to show a viable claim of prejudice. As the State points out, O'Neal's assertion of prejudice is sheer speculation. O'Neal presents nothing more than an allegation that he may or may not have a mental condition caused by his heart attack which affected his decision to commit the underlying crime. Based on that, he argues that evidence of his mental condition may have been a mitigating factor and may have resulted in a lesser sentence. However, there is no indication in the record that any such condition would have been considered mitigating evidence or resulted in a lesser sentence. Therefore, nothing in the record indicates that O'Neal's speculation could have been developed into a viable claim of prejudice. Accordingly, the district court did not abuse its discretion by denying O'Neal's motion for appointment of post-conviction counsel and summarily dismissing his post-conviction petition.

## III.
## CONCLUSION

The district court did not err in denying O'Neal's motion for appointment of counsel and summarily dismissing his post-conviction petition. Therefore, the judgment of the district court summarily dismissing O'Neal's petition for post-conviction relief is affirmed.

Judge LORELLO and Judge BRAILSFORD **CONCUR**.

5