IN THE COURT OF APPEALS OF THE STATE OF IDAHO

**Docket No. 42448**

| | | |
|---|---|---|
| THOMAS TAYLOR TUCKER, | ) | 2015 Unpublished Opinion No. 532 |
| | ) | |
| Petitioner-Appellant, | ) | Filed: June 24, 2015 |
| | ) | |
| v. | ) | Stephen W. Kenyon, Clerk |
| | ) | |
| STATE OF IDAHO, | ) | THIS IS AN UNPUBLISHED |
| | ) | OPINION AND SHALL NOT |
| Respondent. | ) | BE CITED AS AUTHORITY |
| | ) | |

Appeal from the District Court of the Third Judicial District, State of Idaho, Canyon County. Hon. Molly J. Huskey, District Judge.

Summary dismissal of petition for post-conviction relief, <u>affirmed</u>.

Nevin, Benjamin, McKay & Bartlett LLP; Dennis Benjamin, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Russell J. Spencer, Deputy Attorney General, Boise, for respondent.

_____

GRATTON, Judge

Thomas Taylor Tucker appeals from the district court's summary dismissal of his petition for post-conviction relief. Tucker claims that he was wrongfully prevented from testifying at his criminal trial. We affirm.

## I.

## FACTUAL AND PROCEDURAL BACKGROUND

Tucker was found guilty by a jury of felony driving under the influence and he pled guilty to the persistent violator enhancement. Idaho Code §§ 18-8004; 18-8005(6); and 19-2514. The district court imposed a unified sentence of fifteen years with five years determinate. This Court affirmed Tucker's judgment of conviction and sentence on direct appeal. *State v. Tucker*, Docket No. 39405 (Ct. App. Jan. 14, 2013) (unpublished). Thereafter, Tucker filed a petition for post-conviction relief, raising three claims. Tucker twice amended his petition with the assistance of counsel. His second amended petition asserted the two claims that are at issue in

1

this appeal. Tucker alleged that he had discussed with his defense counsel the possibility of testifying at trial and that he expressed a desire to testify. However, his defense counsel did not call him to testify. Tucker alleged that this amounted to ineffective assistance of counsel and a deprivation of his constitutional right to testify. Tucker's first amended petition included the ineffective assistance of counsel claim, but not the constitutional claim.

After Tucker filed his first amended petition, the State filed a motion for summary dismissal arguing that Tucker failed to support his claims with sufficient evidence, and that he did not establish deficient performance or prejudice. When Tucker filed his second amended petition the State again sought summary dismissal, relying on the same arguments raised in its previously filed motion. The State asserted that the earlier motion "addresse[d] all general issues" and was "operative to support Summary Dismissal" of Tucker's second amended petition. Following a hearing, the district court summarily dismissed the petition. Tucker timely appeals.

## II.

## ANALYSIS

Tucker argues the district court erred by summarily dismissing his petition for post-conviction relief. Idaho Code § 19-4906 authorizes summary dismissal of a petition for post-conviction relief, either pursuant to a motion by a party or upon the court's own initiative, if "it appears from the pleadings, depositions, answers to interrogatories, and admissions and agreements of fact, together with any affidavits submitted, that there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law." I.C. § 19-4906(c). When considering summary dismissal, the district court must construe disputed facts in the petitioner's favor, but the court is not required to accept either the petitioner's mere conclusory allegations, unsupported by admissible evidence, or the petitioner's conclusions of law. *State v. Payne*, 146 Idaho 548, 561, 199 P.3d 123, 136 (2008); *Roman v. State*, 125 Idaho 644, 647, 873 P.2d 898, 901 (Ct. App. 1994). Moreover, because the district court rather than a jury will be the trier of fact in the event of an evidentiary hearing, the district court is not constrained to draw inferences in the petitioner's favor, but is free to arrive at the most probable inferences to be drawn from the evidence. *State v. Yakovac*, 145 Idaho 437, 444, 180 P.3d 476, 483 (2008); *Wolf v. State*, 152 Idaho 64, 67, 266 P.3d 1169, 1172 (Ct. App. 2011); *Hayes v. State*, 146 Idaho 353, 355, 195 P.3d 712, 714 (Ct. App. 2008). Such inferences will not be disturbed on appeal if the

2

uncontroverted evidence is sufficient to justify them. *Chavez v. Barrus*, 146 Idaho 212, 218, 192 P.3d 1036, 1042 (2008); *Hayes*, 146 Idaho at 355, 195 P.2d at 714; *Farnsworth v. Dairymen's Creamery Ass'n*, 125 Idaho 866, 868, 876 P.2d 148, 150 (Ct. App. 1994).

Claims may be summarily dismissed if the petitioner's allegations are clearly disproven by the record of the criminal proceedings, if the petitioner has not presented evidence making a prima facie case as to each essential element of the claims, or if the petitioner's allegations do not justify relief as a matter of law. *Kelly v. State*, 149 Idaho 517, 521, 236 P.3d 1277, 1281 (2010); *McKay v. State*, 148 Idaho 567, 570, 225 P.3d 700, 703 (2010); *DeRushé v. State*, 146 Idaho 599, 603, 200 P.3d 1148, 1152 (2009); *Charboneau v. State*, 144 Idaho 900, 903, 174 P.3d 870, 873 (2007); *Berg v. State*, 131 Idaho 517, 518, 960 P.2d 738, 739 (1998); *Murphy v. State*, 143 Idaho 139, 145, 139 P.3d 741, 747 (Ct. App. 2006); *Cootz v. State*, 129 Idaho 360, 368, 924 P.2d 622, 630 (Ct. App. 1996). Thus, summary dismissal of a claim for post-conviction relief is appropriate when the court can conclude, as a matter of law, that the petitioner is not entitled to relief even with all disputed facts construed in the petitioner's favor. For this reason, summary dismissal of a post-conviction petition may be appropriate even when the State does not controvert the petitioner's evidence. *See Payne*, 146 Idaho at 561, 199 P.3d at 136; *Roman*, 125 Idaho at 647, 873 P.2d at 901.

Conversely, if the petition, affidavits, and other evidence supporting the petition allege facts that, if true, would entitle the petitioner to relief, the post-conviction claim may not be summarily dismissed. *Charboneau v. State*, 140 Idaho 789, 792, 102 P.3d 1108, 1111 (2004); *Berg*, 131 Idaho at 519, 960 P.2d at 740; *Stuart v. State*, 118 Idaho 932, 934, 801 P.2d 1283, 1285 (1990); *Sheahan v. State*, 146 Idaho 101, 104, 190 P.3d 920, 923 (Ct. App. 2008); *Roman*, 125 Idaho at 647, 873 P.2d at 901. If a genuine issue of material fact is presented, an evidentiary hearing must be conducted to resolve the factual issues. *Kelly*, 149 Idaho at 521, 236 P.3d at 1281; *Payne*, 146 Idaho at 561, 199 P.3d at 136; *Goodwin v. State*, 138 Idaho 269, 272, 61 P.3d 626, 629 (Ct. App. 2002).

Pursuant to I.C. § 19-4906(b), the district court may sua sponte dismiss a petitioner's post-conviction claims if the court provides the petitioner with notice of its intent to do so, the ground or grounds upon which the claim is to be dismissed, and twenty days for the petitioner to respond. However, under I.C. § 19-4906(c), if the State files and serves a properly supported motion to dismiss, further notice from the court is ordinarily unnecessary if the court dismisses

on the same grounds contained in the State's motion. *Martinez v. State*, 126 Idaho 813, 817, 892 P.2d 488, 492 (Ct. App. 1995). If the State has filed a motion for summary disposition, but the court dismisses the petition on grounds different from those asserted in the State's motion, it does so on its own initiative and the court must provide twenty days' notice. *Saykhamchone v. State*, 127 Idaho 319, 322, 900 P.2d 795, 798 (1995). This is so because if the district court dismisses on grounds not contained in the State's motion, the petitioner has no opportunity to respond and attempt to establish a material issue of fact. *See Baxter v. State*, 149 Idaho 859, 865, 243 P.3d 675, 681 (Ct. App. 2010). When the district court summarily dismisses a post-conviction petition relying *in part* on the same grounds presented by the State in its motion for summary dismissal, the notice requirement has been met. *Kelly*, 149 Idaho at 523, 236 P.3d at 1283 (2010).

On appeal from an order of summary dismissal, we apply the same standards utilized by the trial courts and examine whether the petitioner's admissible evidence asserts facts which, if true, would entitle the petitioner to relief. *Ridgley v. State*, 148 Idaho 671, 675, 227 P.3d 925, 929 (2010); *Berg*, 131 Idaho at 519, 960 P.2d at 740; *Sheahan*, 146 Idaho at 104, 190 P.3d at 923; *Roman*, 125 Idaho at 647, 873 P.2d at 901. Over questions of law, we exercise free review. *Rhoades v. State*, 148 Idaho 247, 250, 220 P.3d 1066, 1069 (2009); *Downing v. State*, 136 Idaho 367, 370, 33 P.3d 841, 844 (Ct. App. 2001); *Martinez v. State*, 130 Idaho 530, 532, 944 P.2d 127, 129 (Ct. App. 1997).

## A. Ineffective Assistance of Counsel

Tucker contends the district court erred by summarily dismissing his claim that counsel rendered ineffective assistance by failing to call him as a witness. A claim of ineffective assistance of counsel may properly be brought under the Uniform Post-Conviction Procedure Act. *Barcella v. State*, 148 Idaho 469, 477, 224 P.3d 536, 544 (Ct. App. 2009). To prevail on an ineffective assistance of counsel claim, the petitioner must show that the attorney's performance was deficient and that the petitioner was prejudiced by the deficiency. *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984); *Self v. State*, 145 Idaho 578, 580, 181 P.3d 504, 506 (Ct. App. 2007). To establish a deficiency, the petitioner has the burden of showing that the attorney's representation fell below an objective standard of reasonableness. *Aragon v. State*, 114 Idaho 758, 760, 760 P.2d 1174, 1176 (1988); *Knutsen v. State*, 144 Idaho 433, 442, 163 P.3d 222, 231 (Ct. App. 2007). To establish prejudice, the petitioner must show a reasonable probability that,

4

but for the attorney's deficient performance, the outcome of the trial would have been different. *Aragon*, 114 Idaho at 761, 760 P.2d at 1177; *Knutsen*, 144 Idaho at 442, 163 P.3d at 231. This Court has long adhered to the proposition that tactical or strategic decisions of trial counsel will not be second-guessed on appeal unless those decisions are based on inadequate preparation, ignorance of relevant law, or other shortcomings capable of objective evaluation. *Gonzales v. State*, 151 Idaho 168, 172, 254 P.3d 69, 73 (Ct. App. 2011).

Where the right to testify is at issue on a claim of ineffective assistance, a petitioner must show a reasonable probability that, but for the attorney's deficient performance, the outcome of the trial would have been different. *See Aragon*, 114 Idaho at 761, 760 P.2d 1177 (detailing the generally applicable standard); *see also Kuehl v. State*, 145 Idaho 607, 611, 181 P.3d 533, 537 (Ct. App. 2008) (holding that a petitioner had failed to show how the evidence would have impacted the trial and why the jury would have believed his testimony); *Cootz*, 129 Idaho at 369-70, 924 P.2d at 631-32 (applying the applicable prejudice standard and holding that a petitioner failed to show how the testimony would have impacted the case).

Tucker first argues the district court erred by dismissing the claim on grounds not cited by the State and without giving him the requisite twenty days' notice and the opportunity to respond. The district court dismissed this claim on the basis that Tucker failed to produce sufficient evidence that his counsel's performance was deficient; specifically, he "failed to support his claim with any evidence that the failure to call him as a witness was [not based on a strategic decision]." The court also determined that "even if [Tucker] could establish it was deficient performance to fail to call him as a witness, [he] has not alleged that he suffered any prejudice--i.e., that the outcome of the trial would have been different, nor has he alleged any facts that would support a claim that the outcome of the trial would have been different." Contrary to Tucker's assertion, the State's motion for summary dismissal did in fact allege that Tucker failed to present sufficient evidence to substantiate either *Strickland* prong. Therefore, Tucker received sufficient notice. *See Kelly*, 149 Idaho at 522, 236 P.3d at 1282. Effectively, the district court adopted the State's reasoning, although it expounded upon how Tucker failed to meet his evidentiary burden. Therefore, Tucker was provided the requisite notice.

Tucker also challenges the district court's determination that he failed to establish that his attorney's failure to call him as a witness amounted to deficient performance or resulted in prejudice. Specifically, he argues the court applied an incorrect heightened prejudice standard

5

when it determined that Tucker failed to allege "that the outcome of the trial *would* have been different" (emphasis added). We need not reach the question of whether Tucker established a genuine issue of material fact as to whether counsel's failure to call him as a witness was deficient performance or whether the court applied a heightened standard because we conclude that, even assuming deficient performance, Tucker has failed to demonstrate prejudice sufficient to preclude summary dismissal.

Tucker argued that had he been able to testify at trial, "[his] testimony would have been considered by the jury in its deliberations and could have resulted in a favorable verdict." In support of his claim, Tucker offered the following proposed testimony:

> [H]e was fatigued, having been awake and working for more than 30 hours; he had not wet his pants, rather he urinated into a container, as he sometimes does as he is nearly incontinent, and the container spilled in his lap; the uneven surface upon which he was standing while performing the field sobriety tests was causing him difficulty because he was wearing cowboy riding boots with a 2 1/4-inch undershot heel; the mechanical problems with the truck were such that the truck kept veering off to the side requiring constant correction and made it difficult for [him] to drive straight on the road; the officer's overhead lights on his car and the rain and wet conditions were bothering his eyes; and, he did not take the breath test because he was confused by the advisory given him prior to the test.

Even considering Tucker's proposed testimony, the district court determined that there was overwhelming evidence to support Tucker's conviction: "he had rear-ended a car at a stoplight, was weaving on the road, exhibited physical symptoms of intoxication--red eyes, slurred speech, smelling of alcohol, and swaying and stumbling when [he] got out of the car, the urine-stained pants and the failed field sobriety tests."

The proposed testimony does not present a prima facie showing of a reasonable probability that Tucker's proposed testimony would have affected the outcome of the trial. Even if the jury were to have considered Tucker's testimony, the statements would not affect the outcome of the trial because overwhelming evidence still existed for the jury to convict Tucker. Accordingly, we conclude that Tucker failed to present a prima facie showing of prejudice, i.e., that the outcome of the trial would have been different but for the alleged deficient performance of counsel.

## B.     Constitutional Claim

Tucker also contends the district court erred by summarily dismissing his constitutional claim. "[A] defendant in a criminal case has the right to take the witness stand and to testify in

his or her own defense." *Rock v. Arkansas*, 483 U.S. 44, 49 (1987). This right is constitutionally protected and flows from the Fourteenth Amendment's guarantee of due process of law, from the Sixth Amendment's right to call witnesses in one's favor and, by implication, from the Fifth Amendment's protection against compelled testimony. *Id.* at 51-53; *Aragon*, 114 Idaho at 762, 760 P.2d at 1178; *see also Kuehl*, 145 Idaho at 611, 181 P.3d at 537 (Ct. App. 2008) ("Every criminal defendant has a fundamental right to testify on his or her own behalf."). A post-conviction claim alleging a violation of the right to testify is distinct from a claim of ineffective assistance of counsel alleging that an attorney erred by failing to call the defendant as a witness. *See Rossignol v. State*, 152 Idaho 700, 706, 274 P.3d 1, 7 (Ct. App. 2012); *see also DeRushé*, 146 Idaho at 603, 200 P.3d at 1152 (an Idaho Supreme Court case similarly distinguishing between those two types of claims). As we said in *Rossignol*:

> [T]he issue of the failure of a defendant to testify may be viewed in post-conviction proceedings both as a claim of ineffective assistance of counsel and as a claim of a deprivation of a constitutional right when both are presented to the district court. . . . [T]he appropriate inquiry depends upon on how the claim is pled and argued before the district court.

*Rossignol*, 152 Idaho at 706, 274 P.3d at 7. The distinction between the two types of claims "is significant because it determines which party bears the *burden of persuasion* on appeal to show whether the alleged deprivation was prejudicial or harmless." *Id.* at 703, 274 P.3d at 4 (emphasis added).

Tucker again argues that the district court dismissed the claim without giving him the requisite twenty days' notice and the opportunity to respond. The district court dismissed this claim on the basis that it should have been raised on direct appeal, but even if it was properly brought in his petition for post-conviction relief, the claim was not supported by the record.[1] As noted above, the State's motion for summary dismissal as to Tucker's first amended petition alleged that Tucker failed to present sufficient evidence to substantiate his claim. Upon Tucker's filing his second amended petition, the State again relied on the arguments in its earlier motion. Therefore, the State's argument that Tucker failed to present sufficient evidence applies to his constitutional claim. Tucker argued the claim at the final hearing and denied having anything

---

[1]     Because we conclude that Tucker's claim was not supported by the record, we need not address whether the claim should have been raised on direct appeal.

7

further to submit. Thus, Tucker was on notice that his claim may be dismissed because it was not supported by the record, and the court did not err in dismissing his claim on this basis.

Tucker also argues that his verified statement that he told his attorney he wanted to testify at trial, but that his trial counsel rested the case without calling him to testify, created a genuine issue of material fact that he was deprived of his right to testify. In support of this claim, Tucker alleged the following in his second amended petition:

> Petitioner does not recall his judge advising him that he had a right to testify, or not testify, and that this decision was his to make, not his attorney's decision.
> Not familiar with the rights he had, nor familiar with the processes of trial, Petitioner was unaware that he could have testified even though his attorney had advised against it.

Tucker further alleged in his affidavit in support of his second amended petition:

> That he does not believe that he was advised by the Court that he had a right to testify, regardless of the desire of his attorney, and, had he known this, would have insisted on testifying.

As the district court pointed out, Tucker's statements in support of his claim are belied by the record. At the hearing on the State's motion for summary dismissal, the court reviewed the record of the proceeding prior to the jury selection process, where the court advised Tucker that he had the right to testify on his own behalf and that the decision whether to testify was his alone.[2] That court recited the colloquy from the trial judge as follows:

> You cannot be compelled to talk about this case or incriminate yourself. The right against self-incrimination means you cannot be compelled or required to testify at trial. You have a right to testify if you desire to do so, but you cannot be required to do so.
> I would also advise you that the decision as to whether or not to testify is your decision and your decision alone. You should make it after consulting with your attorney and in full consultation with him, but ultimately the decision as to whether or not you testify is yours and yours alone. Do you understand that, sir?

---

[2] At oral argument, the district court addressed its understanding that Tucker was raising both an ineffective assistance of counsel claim and an independent constitutional claim related to not testifying and asked if counsel agreed. Tucker's counsel stated: "Yes. One, he's raising it as ineffective assistance, and one, he's raising it as a denial by the court."

Tucker then replied "yes."[3] Thus, Tucker's allegations are not supported by the record. Rather, the evidence shows that Tucker knew he had the right to testify on his own behalf. Accordingly, Tucker has failed to show that the district court erred in summarily dismissing this claim.

## III.

## CONCLUSION

Tucker failed to demonstrate that the district court erred in granting summary dismissal of his petition for post-conviction relief. Therefore, the district court's order summarily dismissing Tucker's petition for post-conviction relief is affirmed.

Judge LANSING and Judge GUTIERREZ **CONCUR**.

---

[3] Tucker's argument relied on the court minutes of the hearing in the criminal case and overlooked that the district court quoted from and took judicial notice of the audio recording of the hearing.